Submitted on record and briefs July 21, affirmed October 19, 1994, petition for review denied January 24, 1995 (320 Or 508)

In the Matter of the Marriage of

Eileen M. STROTHER,
*Respondent,*

*and*

Kenneth P. STROTHER,
*Appellant.*

(933321; CA A81421)

883 P2d 249

Kenneth P. Strother filed the brief *pro se*.

Eileen M. Strother filed the brief *pro se*.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

## RIGGS, J.

Father appeals from a restraining order entered pursuant to the Abuse Prevention Act, ORS 107.700 *et seq.* He argues that the trial court failed to make adequate findings to support the restraining order, that the trial court did not hold a hearing within the proper time and that the trial court imposed an improper condition in the restraining order. We affirm.

Father and mother were divorced in 1988. Mother lives with their two sons in Otis, Oregon. Father had been living in California, but returned to Oregon sometime in 1993. At the time of the incident that gave rise to the restraining order, father was living in a motorhome parked on mother's property.

Pursuant to their dissolution agreement, father has visitation rights with his sons for six weeks during the summer. On July 23, 1993, the boys were with their father in the motorhome when mother attempted to speak with the children. Mother and father got into an argument and then, mother asserts that:

> "He [father] was drunk. When I tried to talk with my children, he restrained them in his motorhome. I heard screaming 'No-No!' and crying. He left my property, driving while drunk. I later received a collect call from [my son] who had run out to a pay phone while [father] was registering at an R.V. office. He was very scared and ask[ed] what he should do. I called the police and together we found them. [Father] was arrested."

Mother petitioned the circuit court under the Abuse Prevention Act, requesting that father be restrained from "molesting, interfering with or menacing" mother or their two children. She alleged that father had abused her in the previous 180 days and that she was placed in fear of imminent serious bodily injury. ORS 107.710(1).[1] The trial court

---

[1] ORS 107.710(1) provides, in part:

"Any person who has been the victim of abuse within the preceding 180 days may petition the court for relief under ORS 107.700 to 107.730, if the person is in immediate and present danger of further abuse from the abuser."

Abuse is defined in ORS 107.705(1) as one or more of the following acts between family or household members:

conducted an *ex parte* hearing pursuant to ORS 107.718(1)[2] and thereafter issued a restraining order that prohibited father from molesting, interfering with or menacing the children and denied father visitation with the children.

Father requested a hearing pursuant to ORS 107.718(6).[3] At the same time, he moved to disqualify the judge who had issued the original order. The motion to disqualify was granted and, at the second hearing before a different judge, mother testified that, in February, 1993, father had grabbed her by the hair and tried to pull her through a window. Because of that incident and previous battering by father, she stated that at the time of the incident on July 23, 1993, she was afraid of letting father near her when he started yelling at her. The trial court found that mother was placed in fear of imminent serious bodily injury and modified the restraining order to prohibit father from "interfering" with her. The trial court also modified the order to "[a]llow [father] to have visitation with the children in the

---

"(a) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury.

"(b) Intentionally, knowingly or recklessly placing another in fear of imminent serious bodily injury."

[2] ORS 107.718(1) provides, in part:

"When a person files a petition under ORS 107.710, the circuit court shall hold an ex parte hearing in person or by telephone on the day the petition is filed or on the following judicial day. Upon a showing that a petitioner has been the victim of abuse committed by the respondent within 180 days preceding the filing of the petition and that there is an immediate and present danger of further abuse to the petitioner, the court shall, if requested, order, for a period of one year or until the order is withdrawn or amended, or until the order is superseded as provided in ORS 107.722, whichever is sooner:

"(a) That temporary custody of the minor children of the petitioner be awarded to the petitioner, or that temporary custody of the minor children of the respondent or of the parties be awarded to the respondent, subject to reasonable visitation rights of the noncustodial parent, which the court shall order, unless such visitation is not in the best interest of the child;

"* * * * *

"(d) That the respondent be restrained from molesting, interfering with or menacing the petitioner;

"(e) That the respondent be restrained from molesting, interfering with or menacing the minor children whose custody is awarded to the petitioner."

[3] ORS 107.718(6) provides:

"Within 30 days after a restraining order is served under this section, the respondent therein may request a court hearing upon any relief granted."

presence of a counselor with experience in family counseling." Father now appeals from that order. Both parties appear in this appellate proceeding *pro se.*

■ Although neither party addressed the issue, we first must determine whether we have jurisdiction to hear this appeal. The Abuse Prevention Act does not specifically provide for appeals from restraining orders issued pursuant to the act. Father cites ORS 19.010 as a basis for appellate jurisdiction. ORS 19.010(4) provides:

> "An appeal may be taken from the circuit court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment decree or order entered in an action or suit, unless such appeal is expressly prohibited by the law authorizing such special statutory proceeding."

The question is whether the procedure established by the Abuse Prevention Act is a "special statutory proceeding." In *State v. Threet,* 294 Or 1, 653 P2d 960 (1982), the Oregon Supreme Court traced the history of special statutory proceedings and held that a necessary attribute of a special statutory proceeding under ORS 19.010(4) is that it be a "separate judicial proceeding with clearly defined parties." 294 Or at 4-6. It is instructive to consider what the court has held not to be a "special statutory proceeding." In *State v. Endsley,* 214 Or 537, 542, 331 P2d 338 (1958), the court held that a motion in the nature of *coram nobis* is not a special statutory proceeding, because it is "simply part of the original criminal proceedings." In *State v. Threet, supra,* the court held that an order compelling a witness to testify in front of a grand jury is not a special statutory proceeding, because appeals from such orders could disrupt, or even abort, the grand jury proceedings. 294 Or at 7.

A proceeding under the Abuse Prevention Act involves clearly defined parties, *see* ORS 107.710, and is not a part of any other judicial proceedings. Accordingly, we hold that a proceeding under the Abuse Prevention Act is a special statutory proceeding and that a restraining order issued under the Act, following the hearing provided for in ORS 107.718(6), is an appealable order.

■ The next issue is our standard of review. The Abuse Prevention Act does not provide for any standard of review and the parties did not brief the issue. However, the Oregon Supreme Court has provided some guidance. In *State ex rel Hathaway v. Hart*, 300 Or 231, 241, 708 P2d 1137 (1985), the court analogized Abuse Prevention Act restraining orders to "traditional injunctions preventing spouses from harassing each other during a pending divorce suit." Such injunctions are "decrees in a suit in equity" and, therefore, we review *de novo*. ORS 19.125(3).

Father's first two assignments of error challenge the basis of the restraining order. He argues that the trial court erred in issuing the restraining order without finding that the statutory prerequisites were satisfied and in issuing the restraining order with respect to the children only.[4] We need not reach father's arguments regarding the original order, because any error was corrected, or at least made moot, by the modified restraining order, which, as discussed below, was properly supported.

■ Under ORS 107.718(1), before a court issues a restraining order, it must find that the petitioner "has been the victim of abuse committed by the respondent within 180 days preceding the filing of the petition" and that "there is an immediate and present danger of further abuse to the petitioner." At the second hearing, mother told the court of an event that took place in February when father grabbed her by the hair and attempted to pull her out of her car. Mother then told the court that, although father had not hit her on July 23, she was placed in fear of imminent serious bodily injury. On cross-examination, mother testified:

"Q. What did — what did he tell you on that night?

"* * * * *

"A. He told me what a stupid bitch I was. He told me over and over again how incredibly stupid I was.

"Q. Okay.

---

[4] Apparently, father argues that the failure of the court to issue an order restraining him from molesting, interfering with or menacing mother somehow makes the order restraining him from molesting, interfering with or menacing the children invalid.

> "A. And that's usually the — those are the statements that preceded the battering during my marriage."

The court then made these findings:

> "I will find that there was a fear of being placed in imminent fear of serious bodily injury and will order that the restraining order be modified to include restraint against her on the basis of what she indicated had occurred in February; that it's — verbal statements made caused her to be placed in fear. And that is why she probably called the police."

We agree with the trial court that mother showed that she was "the victim of abuse committed by [father] within 180 days" of the filing of the petition and that there was an immediate and present danger of further abuse. The incident in which father attempted to pull her out of the car by her hair was within the 180 days preceding the filing of the petition and meets the test of abuse under the definition in ORS 107.705(1). Mother's testimony that the statements father made to her were similar to the ones that "preceded the battering during the marriage" was sufficient to establish that, at the time of the filing of the petition, mother was in immediate, present danger of further abuse. The trial court did not err in issuing the restraining order.

■ Father next assigns error to the trial court's failure to hold the second hearing within 21 days of his request. ORS 107.716(1) provides:

> "If the respondent requests a hearing pursuant to ORS 107.718(6), the court shall hold the hearing within 21 days following the request."

Father requested a hearing on July 28, 1993, and the hearing was held on August 30, 1993, 33 days later. However, the failure of the court to hold a hearing within 21 days was, in large part, due to father's actions. Father first moved to disqualify the judge who conducted the first hearing, reducing by one-half the number of judges who were available to hold the requested hearing. In addition, father's counsel at the time, in his "motion to request hearing," identified 10 of the 21 possible hearing dates as dates when he would not be available. Moreover, father failed to raise this issue or otherwise object before or during the second hearing. Under these circumstances, father is not entitled to any relief for the failure of the court to hold a hearing within 21 days of his request.

Father next assigns error to the court's requirement that any further visitation take place with a counselor present. He argues that, because of the difficulties involved with the counselor requirement, the effect has been to deprive him of his visitation rights. Under ORS 107.716(2) and ORS 107.718(1)(a), the trial court had authority to establish temporary visitation rights. Under the circumstances, including father's drinking, the episodes with the police and the children's fear, the trial court's requirement that a family counselor be present at visitation was reasonable. If that arrangement proves to be difficult or no longer necessary, father may raise the issue with the trial court, which has authority under ORS 107.730 to modify the order for visitation of the minor children.

Father's remaining assignments of error do not require discussion.

Affirmed.