Argued and submitted July 29, affirmed December 4, 1996

Michelle L. COTTONGIM,
*Respondent,*

*v.*

Luke E. WOODS,
*Appellant.*

(9504-64122; CA A88674)

928 P2d 361

Helen C. Dillon argued the cause and filed the briefs for appellant.

Laura Lee Schantz argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Appellant challenges the sufficiency of the evidence underlying a restraining order that his former girlfriend obtained pursuant to ORS 107.700 *et seq.* We affirm.

The challenged restraining order was issued against appellant on April 13, 1995. He requested a hearing. ORS 107.716(1); ORS 107.718(8). After the hearing was held, the lower court ruled that the restraining order would remain in effect in its entirety, and entered an order so stating on May 2, 1995. Appellant filed his notice of appeal on May 24, 1995.

The restraining order expired on April 13, 1996. Appellant submitted his brief on June 10, 1996, and oral arguments were heard on July 29, 1996. At that time, the question of mootness was raised by respondent and appellant was given leave to file a memorandum, which he has done.

In his memorandum, appellant establishes that he is a second-year law student who has been commissioned by the U.S. military but given an unconditional delay of entry to attend law school. He plans to take the Oregon State Bar exam before entering the military. He argues that the expiration of the restraining order does not render his appeal moot, because an opinion by this court "will have some practical effect on the rights of the parties to the controversy." *Brumnett v. PSRB*, 315 Or 402, 405, 848 P2d 1194 (1993). Specifically, he contends that the presence of a restraining order in his past "will follow him to both portions of his career path" and that he "will be required to account for it when making application for admission to bar associations and in his military career, including for security purposes[.]" He compares his situation to that of the attorney in *State v. Keenan/Waller*, 307 Or 515, 771 P2d 244 (1989).

In *Keenan/Waller*, an attorney was found guilty of civil contempt after defying a trial court order requiring her to answer a question about the dates on which she had conferred with a client. After her unsuccessful appeal of the contempt judgment in this court, she purged the contempt by answering the question, but also sought review by the Supreme Court. Because the case was still on appeal, she was

unable to secure a vacation of the contempt judgment. The Supreme Court determined that its review of that judgment was not rendered moot by the purging, because "an outstanding judgment that a lawyer has committed contempt of court can have future legal consequences for the lawyer, for instance in subsequent disciplinary proceedings in some unrelated matter." 307 Or at 518.

■ We are bound by *Keenan / Waller* and can find no principled basis for distinguishing it from the present case.[1] Both there and here, the party arguing against mootness has shown that her or his career *may* be impaired by a judgment that either calls into question the party's fitness to practice law or is suggestive of conduct that is unlawful or prejudicial to the administration of law. Appellant argues that his legal career will be adversely affected by the restraining order. Although the factual underpinnings necessary to that argument may or may not come to pass—for example, appellant may not successfully graduate from law school, may not take or pass the Oregon State Bar exam, may not be required to reveal to the Bar that a restraining order was once issued against him and, even if he is so required, may not as a consequence be barred admission to the practice of law in this or some other state—the same could be said for the appellant in *Keenan / Waller*: There was no evidence that she was likely to become involved in disciplinary proceedings or that she would suffer *any* future legal consequence as a result of the contempt judgment that, having been purged, would be vacated as soon as the case was no longer on appeal. The mere fact that the underlying judgment *could* have an effect on her legal career was sufficient for the court to conclude that the appeal was not moot. Accordingly, we hold that the present appeal is likewise not moot and we turn to its merits.

■ Our review in an appeal from a restraining order is *de novo*. *Strother and Strother*, 130 Or App 624, 629, 883 P2d

---

[1] *But see Thompson v. Prinslow*, 138 Or App 183, 906 P2d 310 (1995) (post-conviction petition dismissed as moot because petitioner had completed the 180-day sentence imposed); *Liberty Television v. Dyer*, 81 Or App 99, 723 P2d 1082 (1986) (appeal dismissed as moot because injunction on which it was based had expired). Even in *Brumnett*, the Supreme Court held that the "mere possibility" that the state might seek an order requiring the petitioner to pay for his care "at some future date" was insufficient to save it from a mootness challenge. 315 Or at 407.

249 (1994). Appellant contends that respondent failed to prove both that "abuse" had occurred and that she was in "immediate and present danger of further abuse," both of which are required by ORS 107.710(1), which provides, in part:

> "Any person who has been the victim of abuse within the preceding 180 days may petition the circuit court for relief under ORS 107.700 to 107.732, if the person is in immediate and present danger of further abuse from the abuser."

As relevant here, "abuse" is defined as

> "(a)   Attempting to cause or intentionally, knowingly or recklessly causing bodily injury [or]
>
> "(b)   Intentionally, knowingly or recklessly placing another in fear of imminent serious bodily injury." ORS 107.705(1).

Respondent established that the parties dated and that appellant became verbally abusive when he consumed alcohol. She also established that after initiating the "breakup" of their relationship, appellant caused her bodily injury when he entered her home against her expressed wishes, sat next to her on a couch, held her down so hard she could not move away, tried to kiss her and left bruises on her arms. Although appellant denied that that incident had ever occurred, the trial court was entitled to believe respondent's testimony, as are we on *de novo* review. Respondent also established that after the breakup, appellant telephoned her repeatedly and at one point stated that he could not live without her and, if he were going to die, she should too. He also told her he would "do anything he could to make [her] life hell" and sent a letter to her in which he stated that he despised her and wished her "a long, slow painful death."[2] Appellant harassed respondent on one occasion when she was staying with her new boyfriend, by repeatedly telephoning and buzzing the intercom. Finally, respondent called appellant's mother and said that appellant was suicidal and violent, that respondent was afraid appellant might kill

---

[2] We reject appellant's contention that the death threat was in any way mitigated by the fact that appellant did not indicate that *he* would inflict that death.

respondent and that she was considering obtaining a restraining order but was concerned that it would hurt appellant's "record."

■ · Those facts provide a more-than-sufficient basis for respondent's allegation that appellant had intentionally, knowingly or recklessly placed her "in fear of imminent serious bodily injury," ORS 107.705(1)(b); ORS 107.718(5), and that there was "an immediate and present danger of further abuse[.]" ORS 107.710(1); *Strother*, 130 Or App at 630. We accept respondent's statement that she took appellant's threats more and more seriously until she became convinced that her life was in danger and sought a restraining order to protect herself. We specifically reject appellant's contention that his actions were "a natural outgrowth" of the fact that he was a "shocked, deceived, jilted lover." His behavior deviated considerably from that which a reasonable person would exhibit under similar circumstances and a reasonable person faced with such behavior would be placed in fear of imminent serious bodily harm.

The trial court did not err in denying appellant's motion to dismiss the restraining order.

Affirmed.