Argued and submitted November 4, 2003, reversed and remanded with instructions to reinstate restraining order February 18, 2004

## Jodene Michele MAJKA,
*Appellant,*

*v.*

## John Philip MAHER,
*Respondent.*

## 0205-64982; A118795

84 P3d 824

Nancy Patton, Certified Law Student, argued the cause for appellant. On the brief were Maya Crawford and Luis Perez, Certified Law Students, and Theresa Wright, and Lewis & Clark Legal Clinic. On the supplemental brief were Nancy B. Patton, Certified Law Student, and Theresa L. Wright.

No appearance for respondent.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Petitioner seeks reversal of the trial court's order vacating a restraining order obtained under the Family Abuse Prevention Act. ORS 107.700 to 107.732. ORS 107.710 provides that any person may seek relief in the form of a restraining order by proving, by a preponderance of the evidence, that the person was a victim of abuse committed by the respondent within 180 days of filing the petition and that the person is in imminent danger of abuse from the respondent. On *de novo* review, *Strother and Strother*, 130 Or App 624, 629, 883 P2d 249 (1994), *rev den*, 320 Or 508 (1995), we conclude that petitioner is entitled to the relief provided under ORS 107.710 and reverse.

We find the following uncontroverted facts. Petitioner and respondent are former spouses. They were at the Multnomah County Courthouse for a child support hearing in May 2002. Despite past problems with confrontations after court hearings, the parties and petitioner's husband left the courtroom together at the conclusion of the hearing. Respondent then threatened petitioner and her husband, saying that he had found somebody to "take care" of them—implying that he had found somebody to kill them. A dispute broke out, and respondent pushed petitioner, causing her to fall to the ground. Petitioner received medical care and alleges that the injuries required neck surgery. Respondent was immediately arrested for assault. The next day, petitioner filed a petition under ORS 107.710 and obtained a restraining order. In addition to describing the above incident, the petition alleged that petitioner was in imminent danger of further abuse because of respondent's continued threats of harm. Respondent contested the order at a hearing under ORS 107.716 held in June 2002, and the trial court vacated the order.

Our review of the evidence at the hearing persuades us that petitioner has satisfied the requirements of the statute for the continuation of the order. A further discussion of the evidence would not benefit the bench or the bar.

Reversed and remanded with instructions to reinstate restraining order.