Argued and submitted February 16, reversed August 10, 2011

Michale SACOMANO,
*Petitioner-Respondent,*

*v.*

Brian Martin BURNS,
*Respondent-Appellant.*

Multnomah County Circuit Court
090768123; A143463

261 P3d 54

David J. Celuch argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

Respondent challenges the trial court's order continuing a temporary restraining order entered against him under the Family Abuse Prevention Act, ORS 107.700 to 107.735. He contends that the record before the court did not establish that he had abused petitioner and, hence, that the court had erred in continuing the restraining order against him. We agree with respondent and reverse.

We review for legal error and defer to the trial court's findings if there is evidence to support them, unless we exercise our discretion under ORS 19.415(3)(b) to review the case *de novo*. *See State v. S. T. S.*, 236 Or App 646, 654-55, 238 P3d 53 (2010). Although respondent requests *de novo* review, he did not offer any justification for his request, and, based on the strong presumption against *de novo* review, ORAP 5.40(8)(c), we decline his request.

We take the following facts from the hearing. After petitioner had assured respondent that she did not have a sexually transmitted disease, they began a sexual relationship, which they discontinued shortly thereafter when respondent was diagnosed with genital herpes. After substantial prompting from respondent through text messages and phone calls, petitioner disclosed to him that she also had the disease. Petitioner assured respondent that she had contacted her recent sexual partners about her status and was "just [lying] low and not on LL[, a swingers' website,] anymore." Respondent discovered that petitioner had recently been on the website despite her assurances and sent her a text message, which stated, as he testified:

> "What I think is you're a lying piece of excrement. You knew you had it and don't care who you infect, you dirty expletive. I'm going to out you to everyone on [the website], and at your job, too. Have fun explaining it to everyone[.]"

In response, petitioner explained her activity on the website through a text message and attempted to dissuade him from "outing" her. Respondent told her that, if she stated in her online profile that she has genital herpes, then he would not contact her coworkers. Petitioner requested that respondent not contact her again, to which respondent replied that he

would not contact her but would contact others and that "[y]ou gave this shit to the wrong Mother-f'er." Two weeks later, respondent sent petitioner a text message, which stated, "Don't think I've forgotten about you. Your payback is coming soon." Petitioner filed a petition for an *ex parte* restraining order, which the court granted, and respondent requested a hearing shortly thereafter, at which he opposed the continuance of the temporary order. After the hearing, the court continued the restraining order.

Respondent contends on appeal that the text messages that he sent petitioner did not show that he had abused her by placing her in fear of imminent bodily injury, as required under ORS 107.718(1) and ORS 107.705(1) (defining "abuse"). He is correct. Even giving due consideration to the trial court's credibility assessments, the text messages do not make any overt or implied threat of bodily injury. Rather, respondent merely threatens in them to reveal to others that petitioner has genital herpes—threats that do not prove by a preponderance of the evidence, ORS 107.710(2), the required showing of abuse.

Reversed.