Argued and submitted September 30, 2014; on court's order to show cause filed August 8, and appellant's response to order to show cause filed August 22, 2013; in case 110362492, affirmed, in case 110768324, appeal dismissed November 19, 2014

In the Matter of

Timothy P. OLIVER,
*Petitioner-Respondent,*
*and*

Janelle C. JEFFRIES,
*Respondent-Appellant.*

Multnomah County Circuit Court
110362492

Timothy Paul OLIVER,
*Petitioner-Respondent,*

*v.*

Janelle C. JEFFRIES,
*Respondent-Appellant.*

Multnomah County Circuit Court
110768324; A151842

340 P3d 125

Liza Langford argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and De Muniz, Senior Judge.

PER CURIAM

## PER CURIAM

This consolidated appeal involves two cases. The first is a domestic relations case, Multnomah County Circuit Court Case Number 110362492, and the second is a Family Abuse Prevention Act (FAPA) case, Multnomah County Circuit Court Case Number 110768324. We affirm the trial court's judgment in the domestic relations case without written discussion, and, for the reasons explained below, we dismiss the appeal in the FAPA case as untimely.

The parties, who are not married but who have one minor child together, separated in 2011. Thereafter, father filed a domestic relations petition for dissolution and a FAPA petition for a restraining order against mother. Father was awarded temporary custody and a temporary restraining order, and the domestic relations and FAPA cases were consolidated for hearing. The trial court held a hearing on March 9, 2012, and issued a letter opinion on March 15, 2012. In the letter opinion, the court addressed the issues in both the domestic relations case and the FAPA case. Regarding the FAPA case, the letter opinion states that "[t]he Restraining Order is continued" and that "Mother's Motion to Modify the Restraining Order is denied." The letter opinion also states, at its end, that "[Father] will prepare the judgment. The forms for custody and parenting judgment may be obtained in *** the courthouse. *** A copy of this [letter opinion] will be attached to the judgment order."

The following day, March 16, 2012, the trial court entered an "ORDER AFTER HEARING," in which it set out its findings and conclusions regarding the issues in the FAPA case. The order expressly continued the restraining order.

Father prepared a general judgment that incorporated the trial court's March 15 letter opinion. The trial court entered the general judgment on June 13, 2012. Mother filed a notice of appeal from that judgment on July 2, 2012, purporting to appeal decisions in both the domestic relations case and the FAPA case.

This court issued an order for mother to show cause why the appeal in the FAPA case should not be dismissed as

untimely, given that the order in the FAPA case was entered on March 16—more than 30 days before mother filed her notice of appeal on July 2. Mother filed a written response, asserting that the trial court did not conclusively dispose of the FAPA case until it entered the general judgment on June 13.

We disagree. The trial court could, and did, conclusively dispose of the issues in the FAPA case in the order entered on March 16. ORS 107.718 (2012), *amended by* Or Laws 2013, ch 366, § 55. Nothing in the March 16 order left any FAPA issues open, and no FAPA issues were resolved or modified in the June 13 general judgment, which bears only the domestic relations case number. Although the domestic relations and FAPA cases were consolidated for hearing in the trial court, they could be, and were, disposed of through separate final documents, each with its own notice of appeal deadline. *See* ORS 19.205(5); *Strother and Strother*, 130 Or App 624, 628, 883 P2d 249 (1994), *rev den*, 320 Or 508 (1995). That is true even though the March 15 letter opinion, which addresses both cases, was attached to the general judgment.

In case 110362492, affirmed; in case 110768324, appeal dismissed.