***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted June 12, reversed July 26, 2023

T. M. S.,
*Petitioner-Respondent,*

*v.*

Mia M. STANFILL,
*Respondent-Appellant.*

Washington County Circuit Court
22PO02363; A178723

Kelly D. Lemarr, Judge.

Ryan T. O'Connor argued the cause for appellant. Also on the briefs was O'Connor Weber LLC.

Sean J. Riddell argued the cause for respondent. Also on the brief was Sean J. Riddell P.C.

Before Aoyagi, Presiding Judge, and Lagesen, Chief Judge, and Jacquot, Judge.

LAGESEN, C. J.

Reversed.

**LAGESEN, C. J.**

Respondent appeals an order continuing a Family Abuse and Prevention Act (FAPA) restraining order that prohibits her from contact with her older sister. *See* ORS 107.700 - 107.735. She challenges the sufficiency of the evidence to support it.[1] Noting that the order since has expired, petitioner responds that the appeal is moot and should be dismissed. Alternatively, petitioner argues that the evidence is sufficient to support the order on appeal. We are not persuaded that the matter is moot and conclude further that the evidence is insufficient to support it. We therefore reverse.

We start with mootness. When a party moves for the dismissal of an appeal on the ground of mootness, the moving party carries the burden of establishing that the case is moot. Although that burden includes demonstrating the absence of collateral consequences, it does not, initially, require the moving party to identify and disprove all possible collateral consequences. *State v. K. J. B.*, 362 Or 777, 785-86, 416 P3d 291 (2018). Rather, the party responding to the motion "must identify any collateral consequences that he or she contends has the effect of producing the required practical effects of a judicial decision." *State v. Welch*, 295 Or App 410, 414, 434 P3d 488 (2018) (internal quotation marks omitted). Then, the burden rests with the moving party, in this case petitioner, to "establish[] that any collateral consequences either do not exist or are legally insufficient." *State v. Stroud*, 293 Or App 314, 317, 428 P3d 949 (2018); *see also Welch*, 295 Or App at 413-14.

---

[1] Respondent also assigns error to the issuance, *ex parte*, of the initial FAPA order, contending that the evidence also is insufficient to support that order. Respondent argues "[t]here is no evidence that Petitioner was a victim of abuse by Respondent, that Petitioner has a reasonable fear of her physical safety, or that Respondent presents a credible threat of harm to Petitioner's physical safety." At oral argument, respondent acknowledged that, notwithstanding that separate assignment of error, her appeal was directed at the order continuing the FAPA order. Given the statutory requirements for such a challenge to an *ex parte* FAPA order, *see* ORS 107.718(10), we agree that only respondent's challenge to the trial court's continuation of that order needs to be resolved on appeal. *See also E. M. S. and Strother*, 130 Or App 624, 628, 883 P2d 249 (1994) (explaining that a FAPA restraining order is appealable "following the hearing provided for in ORS 107.718[(10)]").

Petitioner argues that, because the challenged restraining order has lapsed, resolution of respondent's appeal will have no practical effect on her rights and is "probably moot." Respondent counters that the continuance of the restraining order has caused her to lose two job opportunities and may continue to impact her livelihood, thereby having a practical impact on her rights. Although petitioner questioned respondent's representations, petitioner's questions do not persuade us that petitioner has carried her burden of demonstrating that the consequences identified by respondent are nonexistent or otherwise legally insufficient to forestall mootness. *See M. L. C. v. Woods*, 145 Or App 40, 43, 928 P2d 361 (1996).

We next address respondent's contention that the evidence is legally insufficient to support the continuance of the FAPA order. In the absence of a request to review *de novo*, ORS 19.415(3)(b), we review for legal error and defer to the trial court's findings if there is evidence to support them. *M. S. v. Burns*, 245 Or App 35, 36, 261 P3d 54 (2011).

ORS 107.716(3)(a) governs the continuance of FAPA orders. It provides that a court may continue a FAPA order if the court finds:

"(A)   Abuse has occurred within [180 days];

"(B)   The petitioner reasonably fears for the petitioner's physical safety; and

"(C)   The respondent represents a credible threat to the physical safety of the petitioner or the petitioner's child."[2]

ORS 107.716(3)(a); *see N. F. M. v. Al Khalidi*, 315 Or App 668, 503 P3d 468 (2021), *rev den*, 369 Or 504 (2022) (applying

---

[2] Previously the statute—and our case law—required a finding that the FAPA petitioner was in "imminent danger of further abuse." As we recently explained in *K. E. B.*, as a result of an amendment to the statute, it is no longer necessary for the trial court to find an "imminent danger of further abuse" to continue or renew a FAPA order; instead, the court need find only that the petitioner "reasonably fears" for her "physical safety." *K. E. B. v. Bradley*, 327 Or App 39, 43-44, 533 P3d 1128 (2023). Although the trial court applied the new standard when it continued the order on appeal, the parties' briefing addresses the "imminent danger standard." Because we conclude that the evidence is insufficient to support a finding that respondent presents a credible threat to petitioner's safety, that mismatch between the briefing and the legal standard is not material to our resolution of this appeal.

statute). In the instant case, respondent argues, among other things, that the evidence in the record is legally insufficient for a finding that respondent is a "credible threat" to petitioner's safety. ORS 107.716(3)(a)(C). We agree.

The catalyst for this FAPA order was a physical altercation between petitioner, then 51, and respondent, petitioner's sister, then 42. The incident occurred while the family was traveling together at a gathering where both had been drinking. The altercation occurred after respondent interrupted a conversation between petitioner and their mother. Respondent overheard the conversation, interrupted, and, referring to a custody battle regarding petitioner's daughter, P, told them that they "would never see [P] again." Soon after, respondent pushed petitioner into a mirror, causing it to shatter. Respondent then caused a head injury to petitioner by pulling out a hair extension and proceeded to get on top of her and beat her on the side and back of the head. Petitioner fought back until the sisters were separated by petitioner's boyfriend.

Those facts, while demonstrating that respondent brutally assaulted petitioner while intoxicated, are not sufficient to support a determination that respondent, at the time of the continuation hearing, posed a credible threat to petitioner's physical safety. As the trial court correctly recognized, the altercation between sisters was an isolated incident, the only possible prior incident being an unconfirmed fight between them 22 years earlier. Further, it is undisputed that, as of the time of the hearing, the sisters had had no contact with each other since the fight, did not live with each other, and, despite the seven-year custody battle regarding P, in which petitioner and respondent were at odds, respondent has never again engaged in physical violence with petitioner. Those circumstances do not allow for the conclusion that respondent remains a credible threat to petitioner's physical safety. *See G. M. P. v. Patton*, 278 Or App 720, 723, 377 P3d 657 (2016) (isolated incident of abuse insufficient to establish that FAPA respondent presented a credible threat to the petitioner's physical safety, absent evidence of other conduct that would threaten safety).

Reversed.