No. 843 November 27, 2024 369

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

A. N. A.,
*Petitioner-Appellant,*

*v.*

JUSTIN TRAVIS ALEXANDER,
*Respondent-Respondent.*

Clackamas County Circuit Court
22PO09399; A180175

Ann M. Lininger, Judge.

Argued and submitted September 13, 2023.

George W. Kelly argued the cause and filed the brief for appellant.

Barry W. Engle argued the cause for respondent. Also on the brief was Barry W. Engle PC.

Before Tookey, Presiding Judge, and Egan, Judge, and Kistler, Senior Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In this proceeding under the Family Abuse Prevention Act (FAPA), in which the trial court dismissed the petition, petitioner challenges the trial court's assessment of attorney fees payable to respondent. Petitioner argues that a fee assessed in a FAPA proceeding is subject to ORCP 68, and that respondent did not comply with that rule. We conclude that ORCP 68 is not applicable to the assessment of attorney fees in FAPA proceedings and therefore affirm.

Petitioner sought a restraining order against respondent under ORS 107.700 to ORS 107.735. After an *ex parte* hearing, the trial court issued a temporary restraining order. *See* ORS 107.718 (describing *ex parte* procedure). On respondent's objection, however, the trial court held a second hearing and then dismissed the restraining order. *See* ORS 107.116 (describing contested proceeding). The court explained its impression that petitioner was "positioning for a dissolution trial."

ORS 107.716(3)(b) authorizes the trial court to assess attorney fees against either party to a FAPA proceeding. It provides:

"In a hearing held pursuant to subsection (1) or (2) of this section:

"* * * * *

"The court may cancel or change any order issued under ORS 107.718 and may assess against either party a reasonable attorney fee and such costs as may be incurred in the proceeding."

After the hearing, respondent requested attorney fees. Petitioner responded that fees were not available, because respondent had not complied with ORCP 68, which applies generally to FAPA proceedings. The trial court agreed with respondent that ORCP 68 was not applicable and issued an order assessing the requested fees. Then, as ordered by the court, respondent drafted a general judgment for the court's signature awarding the assessed fees. Petitioner now appeals, contending that the trial court erred, because ORCP 68 C states that the procedures set out in ORCP 68

for requesting attorney fees apply to *all* cases, unless an exception applies, and none is applicable here.

Respondent responds that an exception to ORCP 68 *is* applicable, and we agree.[1] ORCP 68 C(1)(b) states that the rule does not apply to attorney fees "granted by order, rather than entered as part of a judgment." FAPA proceedings are resolved by order, and fees may be assessed by order; thus, they need not be included in a judgment. *See* ORS 107.716; ORS 107.718. *See also T. P. O. v. Jeffries*, 267 Or App 118, 120, 340 P3d 125 (2014) (An order, not a judgment, concludes the FAPA matter); *Strother and Strother*, 130 Or App 624, 628, 883 P2d 249 (1994), *rev den*, 320 Or 508 (1995) ("[A] proceeding under the Abuse Prevention Act is a special statutory proceeding and *** a restraining order issued under the Act, following the hearing provided for in ORS 107.718(6), is an appealable order.").[2] Thus, although the court here also included the assessed fees in a judgment, that was not required. Because attorney fees under ORS 107.716(3)(b) may assessed by order and need not be entered in a judgment, they fall within the exception stated in ORCP 68 C(1)(c).

The text of ORS 107.716(3)(b) is consistent with our conclusion. Under ORS 107.716(3)(b), the trial court, in its discretion, may "assess" attorney fees, meaning that fees can be assessed by the court on its own motion that does not depend on a request for fees. Necessarily, a court's authority to *sua sponte* assess fees under ORS 107.716(3)(b) is not

---

[1] ORCP 68 C provides, as relevant:

"Notwithstanding Rule 1 A and the procedure provided in any rule or statute permitting recovery of attorney fees in a particular case, this section governs the pleading, proof, and award of attorney fees in all cases, regardless of the source of the right to recover such fees, except when:

"C.(1)(a) attorney fees are claimed as damages arising prior to the action;

"C.(1)(b) *attorney fees are granted by order, rather than entered as part of a judgment*; or

"C.(1)(c) a statute refers to this rule but provides for a procedure that varies from the procedure specified in this rule."

[2] It makes sense that a FAPA proceeding concludes with an order rather than a judgment. When a FAPA order is issued after an *ex parte* hearing, the court's authority over the matter is not concluded: the order continues (and the court maintains jurisdiction) for a period of two years, unless the respondent requests an oral hearing in writing within 30 days. ORS 107.718(3). And if the court continues the temporary order after a hearing under ORS 107.716, that order also continues for two years, unless superseded. ORS 107.716(6).

subject to ORCP 68.[3] For that additional reason, we conclude that the trial court did not err in determining that an assessment of fees under ORS 107.716(3)(b) is not subject to ORCP 68.[4] We therefore affirm the award of attorney fees.

    Affirmed.

---

[3] We note that the Commentary to ORCP 68 C(1)(c) by the Council on Court Procedures states that ORCP 68

"applies only to costs and fees which are included in the judgment. Other fees and costs, such as discovery sanctions which are part of a court order and enforceable by contempt, would not be covered by the rule."

Comment, Final Draft, Proposed Oregon Rules of Civil Procedure, Nov 24, 1978. The Commentary's list of one type of fees and costs that would not be covered by the rule does not alter our conclusion that the rule's text, as ultimately enacted (exempting attorney fees that are "granted by order, rather than entered as part of a judgment") does not apply to attorney fee assessments made under ORS 107.716.

[4] We note that FAPA "pleadings," for both an initial petition and a respondent's request for hearing, are submitted on forms supplied by the Oregon Judicial Department, which include no space for requesting attorney fees. *See* ORS 107.718(7) ("The State Court Administrator shall prescribe the content and form of the petition, order and related forms for use under ORS 107.700 to 107.735. The clerk of the court shall make available the forms and an instructional brochure explaining the rights set forth under ORS 107.700 to 107.735.").