Argued and submitted June 15, reversed and remanded with instructions to grant petition and issue *ex parte* restraining order October 11, 2006

# Elizabeth ROSILES-FLORES,
## *Appellant,*

### *v.*

# John BROWNING,
## *Respondent.*

# DR05020221; A127860

145 P3d 328

Diane Schwartz Sykes argued the cause for appellant. With her on the brief were Spencer M. Neal and Oregon Law Center.

No appearance for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ROSENBLUM, J.

**ROSENBLUM, J.**

Petitioner appeals from the trial court's order denying her petition for a restraining order pursuant to the Family Abuse Prevention Act (FAPA). ORS 107.700 to 107.735. We reverse and remand to the trial court with instructions to issue the requested order because we conclude, on *de novo* review, that petitioner's sworn allegations, along with her personal appearance at an *ex parte* hearing, satisfy the statutory requirements for obtaining an *ex parte* restraining order under FAPA.

The facts are as follows: On February 8, 2005, petitioner filed a petition for a restraining order pursuant to FAPA. In her petition, she alleged that she and respondent had been involved in a sexually intimate relationship within the previous two years and described three occasions within the previous 180 days (one six months before filing the petition, one a month later, and one about one month before filing the petition) on which respondent had knowingly caused her fear of imminent bodily injury or caused her to engage in involuntary sexual relations by force or threat of force. Petitioner also explained that, based on respondent's continued efforts to contact her, she feared that he would harm her or her child.

On February 8, petitioner appeared *ex parte* before the trial court in support of her petition. Although petitioner made unsworn statements during the hearing, the trial court did not elicit any sworn testimony from petitioner and did not suggest that her credibility regarding the contents of the petition was in doubt.[1] Nevertheless, noting that respondent had recently obtained a restraining order against petitioner, the court declined to issue a restraining order "based on your Petition that alleges things that happened several months ago, where we already have an order that prohibits contact between the two of you."

---

[1] Although petitioner made statements to the trial court at the *ex parte* hearing elaborating upon the matters set forth in her petition, because those statements do not appear to have been made under oath, we do not consider them here.

■ ■ Petitioner contends that the trial court erred by declining to issue an *ex parte* order based on the existence of a separate order involving the same parties. We agree. There is no statutory basis for the trial court's assertion that respondent's restraining order against petitioner prevented the court from granting petitioner's petition, and the text and context of FAPA support the opposite conclusion. In enacting FAPA, the legislature prohibited courts from approving any term in a consent agreement restraining one person in a relationship from abusing his or her partner unless the person applied for and was granted a restraining order under ORS 107.710. ORS 107.716(6). Accordingly, if a consent agreement requires the parties to refrain from abusing each other, each party must separately establish his or her eligibility for a FAPA order. Thus, ORS 107.716(6) implicitly acknowledges that a party may seek a FAPA order even if the person to be restrained has obtained an order against the party. Moreover, none of the prohibitions set forth in the form order promulgated by the legislature requires a petitioner to refrain from doing anything. ORS 107.718(3). Thus, it is not possible for a petitioner to violate his or her own restraining order because the order circumscribes only the respondent's behavior. If each party alleges sufficient facts, each party is entitled to a separate order, ensuring both that all alleged victims of abuse have immediate legal recourse and that all accused abusers have an opportunity to be heard. The trial court therefore erred by denying the petition on the ground that respondent had an existing restraining order against petitioner.

■ Apparently as a result of the trial court's view that there was no need to issue a second restraining order involving the same parties, it never fully considered the evidence presented by petitioner. However, because our review of FAPA cases is *de novo*, we need not remand the case to the trial court to evaluate the evidence. *See Strother and Strother*, 130 Or App 624, 629, 883 P2d 249 (1994), *rev den*, 320 Or 508 (1995) (citing *State ex rel Hathaway v. Hart*, 300 Or 231, 241, 708 P2d 1137 (1985), and *former* ORS 19.125(3), *renumbered as* ORS 19.415(3) (1997)) (explaining why FAPA orders are reviewed *de novo*). Instead, we review the record

anew and consider whether the evidence presented established petitioner's entitlement to an *ex parte* restraining order under FAPA. We conclude that it did, but we first discuss what this court may properly consider by way of evidence presented at the *ex parte* hearing.

■ To obtain an *ex parte* restraining order under FAPA, a petitioner must offer evidence that he or she "has been the victim of abuse committed by the respondent within the 180 days preceding the filing of the petition" and "is in imminent danger of abuse from the respondent." ORS 107.710(1). Assuming that they meet the criteria in the statute, the allegations in the petition are generally sufficient to establish entitlement to an *ex parte* order because they are made under oath or affirmation pursuant to ORS 107.710(1). We are mindful of the fact that the legislature mandated that a court considering a FAPA petition hold an *ex parte* hearing, but we emphasize that the petitioner need only make a "showing" that she has met the requirements for issuance of a FAPA order at that hearing. ORS 107.718(1). Because the allegations of the petition are sworn, they constitute evidence in support of the "showing" requirement.[2]

After service of the *ex parte* restraining order, a respondent may request a contested hearing on any relief granted therein, and the trial court must then weigh the evidence presented and make factual findings. *See* ORS 107.718(10). Until such a hearing is requested, however, the trial court should consider only the sworn allegations in the petition and the petitioner's *ex parte* testimony, if any, to determine the appropriateness of issuing an order. If, at the conclusion of the *ex parte* hearing, there are no unremedied deficiencies in the petition or contradictions between the petition and the petitioner's testimony, the trial court lacks

---

[2] The fact that the sworn allegations of the petition are generally sufficient to establish entitlement to an *ex parte* order does not render the *ex parte* hearing unnecessary. The requirement of holding an *ex parte* hearing both deters frivolous claims by making petitioners appear—either in person or by telephone—in support of their petitions and provides judges with an opportunity to clarify the facts and determine the appropriateness of issuing an order. Nevertheless, if the sworn allegations of the petition satisfy the requirements of ORS 107.710, to the extent that the court receives testimony from a petitioner during the *ex parte* hearing, that testimony is material only if it either remedies a substantive deficiency in the petition or undermines a necessary element of the claim for relief under FAPA.

discretion to deny the petition and "shall" issue the requested order. *See* ORS 107.718(1).

Although the text and context of FAPA clearly support the conclusion that the sworn allegations of the petition may constitute a "showing" under ORS 107.718(1), the legislative history resolves any doubt. ORS 107.718(1) was enacted in an effort to create standardized, statewide procedures for victims of domestic violence to have access to courts without retaining counsel. Prior to its enactment, some judges required petitioners to submit a motion and supporting affidavit before issuing a FAPA order. Witnesses who testified in support of the bill leading to the enactment of ORS 107.718 stated that the proposed legislation would adopt a procedure under which allegations of abuse in a petition would be sufficient to obtain the order. *See, e.g.,* Testimony, House Judiciary Committee, Subcommittee 3, SB 356-A, June 12, 1981, Ex F (statement of Lee Ann Ward) ("The allegations of abuse in the petition should be sufficient to obtain the order."); Testimony, Senate Justice Committee, SB 355-58, Mar 3, 1981, Ex G (statement of Maureen McKnight) ("[I]n some counties, a verified petition is sufficient. The legislation proposed here adopts this latter procedure."). There is nothing in the legislative history to suggest that the legislature, in enacting the new provisions, intended otherwise.

■ As previously described, the petition in this case alleges that petitioner and respondent were involved in a sexually intimate relationship with each other within the past two years, that he abused her on three occasions in the 180 days preceding the filing of the petition, and that his continued and ongoing attempts to contact her caused her to fear for her safety and the safety of her child. Those sworn allegations, along with petitioner's in-person appearance before the court, are sufficient to establish entitlement to an *ex parte* restraining order under FAPA. *See* ORS 107.710(1); ORS 107.718(1).

Reversed and remanded with instructions to grant petition and issue *ex parte* restraining order.