Argued and submitted September 20, reversed November 28, 2007

Howard Duane BAKER,
*Petitioner-Respondent,*

*v.*

Deborah Jean BAKER,
*Respondent-Appellant.*

Linn County Circuit Court
061467; A133264

173 P3d 833

Lorena Reynolds argued the cause for appellant. With her on the brief was Griffin & Reynolds, PC.

No appearance for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Deits, Judge pro tempore.

LANDAU, P. J.

## LANDAU, P. J.

Petitioner Howard Duane Baker and respondent Deborah Jean Baker sought restraining orders against each other under the Family Abuse Prevention Act (FAPA), ORS 107.700 to 107.735. The trial court entered the orders, prohibiting each party from having contact with the other and, after a hearing, continued the orders, finding that respondent had abused petitioner and that there remained an immediate threat of further abuse. Respondent appeals from the order against her, arguing that there is insufficient evidence to support the court's findings that she abused petitioner or that petitioner was in fear of imminent bodily injury and in imminent danger of further abuse. ORS 107.710(1). On *de novo* review, *Rosiles-Flores v. Browning*, 208 Or App 600, 602, 145 P3d 328 (2006), we conclude that petitioner did not prove by a preponderance of the evidence, ORS 107.710(2), that he was in fear of imminent bodily injury or that respondent presented a credible threat to him, and we reverse.

Petitioner and respondent are married and have two children, ages six and four. The incident out of which the restraining orders arose occurred on June 29, 2006, when petitioner came home from work and discovered that respondent's dog was loose in the yard and had been chewing on the garden rake. At a hearing on July 25, 2006, the parties offered different versions of the events, with respondent testifying that petitioner began to shoot at the dog with a pellet gun and petitioner testifying that he simply shot *toward* the dog to force it back into its kennel. Respondent testified that petitioner continued to shoot at the dog even after she and one of the children were in the line of fire and that, after petitioner was tired of shooting at the dog, she ordered him to leave and attempted to block his entry into the house. She testified that he "aggressed" toward her and knocked her down, elbowed her in the face, and dragged her by her hair. Petitioner testified that, after the dog ran off, he tried to enter the garage to get a leash and that respondent tried to block him. Petitioner testified that respondent hurt him when she punched him in the eye and shoved him into a door jamb.

Under ORS 107.718(1), the court may issue a FAPA restraining order upon a showing that the petitioner

"has been the victim of abuse committed by the respondent within 180 days preceding the filing of the petition, that there is an imminent danger of further abuse to the petitioner and that the respondent represents a credible threat to the physical safety of the petitioner * * *[.]'"

"Abuse" is defined in ORS 107.705(1):

"(a)  Attempting to cause or intentionally, knowingly or recklessly causing bodily injury.

"(b)  Intentionally, knowingly or recklessly placing another in fear of imminent bodily injury.

"(c)  Causing another to engage in involuntary sexual relations by force or threat of force."

In its ruling from the bench continuing the restraining order, the trial court found:

"In order to have a restraining order issued, there needs to be, as a minimum, fear that's placed in the part of the other person that they're going to either at that point or at any point suffer some substantial injury or—I should say substantial pain and/or impairment of a body organ or function.

"I think in the altercation that occurred they each inflicted that type of fear on the other. And, therefore, I'm go[ing to] continue the restraining order against each of the two parties."

The written order continuing the restraining order states that respondent caused petitioner fear of imminent bodily injury and that there was imminent danger of further abuse. The written order also states, "The Order includes a finding that Respondent is a credible threat to the physical safety of the Petitioner * * *."

Respondent contends on appeal that the evidence is insufficient to establish that respondent "abused" petitioner within the meaning of ORS 107.705(1) or that petitioner is in imminent danger of further abuse and that respondent represents a credible threat to petitioner's physical safety. Because we find that the evidence is insufficient to establish

that petitioner is in imminent danger of further abuse and that respondent represents a credible threat to his physical safety, we reverse the restraining order and do not decide whether petitioner was the victim of abuse.

At the hearing, petitioner testified that respondent has not threatened him. There is no evidence that he was afraid of her at the time of the incident or at the time of the hearing. There is no evidence that he fears a repeat of the events of June 29, 2006. On *de novo* review, we find that petitioner has not established by a preponderance of the evidence that there is an imminent danger of further abuse to petitioner and that respondent represents a credible threat to his physical safety. We accordingly reverse the restraining order against respondent. In light of our disposition, we do not address respondent's remaining assignments of error, which relate to the provisions of the restraining order.

Reversed.