Argued and submitted July 22, affirmed December 16, 2009

Francesca PAVON,
*Petitioner-Respondent,*

*v.*

Richard MIANO,
*Respondent-Appellant.*

Marion County Circuit Court
08C30610; A138746

222 P3d 730

Michael A. Keeney argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.*

WOLLHEIM, J.

_____

* Wollheim, J., *vice* Landau, J.

**WOLLHEIM, J.**

Respondent appeals a restraining order issued under the Family Abuse Prevention Act (FAPA), ORS 107.700 to 107.735. Respondent makes three assignments of error. We reject his third assignment of error without discussion. His first two assignments of error challenge the trial court's authority to award petitioner custody of respondent's children.[1] We conclude that respondent failed to preserve his first two assignments of error. Accordingly, we affirm.

On *de novo* review, we find the following facts. ORS 19.415(3) (2007), *amended by* Or Laws 2009, ch 231, § 2; *Rosiles-Flores v. Browning*, 208 Or App 600, 602, 145 P3d 328 (2006). Petitioner obtained a restraining order that prohibited respondent, petitioner's husband, from intimidating, molesting, interfering with, or menacing petitioner and five minor children in her custody. In addition, respondent was prohibited from contacting or attempting to contact petitioner in person and from entering the marital home and specific other locations. The order also awarded petitioner custody of three minor children and allowed respondent three hours per week of supervised parenting time.

Respondent requested a hearing to contest the FAPA order. On the request-for-hearing form, respondent indicated that he was contesting the part of the "order restraining [him] from contacting or attempting to contact the petitioner." Respondent did not check the lines on the request-for-hearing form that, if checked, would have announced his contesting of the parts of the order "granting child custody to the petitioner" and the "terms of the parenting time order."

At the hearing, petitioner presented evidence of respondent's prior violence toward her and his history of substance abuse. Respondent challenged petitioner's motives and veracity and asserted that he had been abused by petitioner. Next, respondent questioned the part of the order restraining him from entering the marital home. He stated:

---

[1] Petitioner did not file an appearance with this court.

"I don't understand why I should be not allowed to be at the house seeing that I have been the one making all the payments. She lives in Washington. She's t[a]ken my kids, my two sons who are not even her biological children. I want to bring up charges on that too."

Later in the proceeding, respondent continued to question the restriction barring him from entering the marital home, stating, "[H]ow come I have to be—if she lives in Seattle with her ex-husband and—I just don't understand how that's okay. I'm kicked out of my house."

The trial court suggested that respondent might want to talk with an attorney about his rights regarding personal property or real property. The trial court then stated on the record that it would "continue the restraining order * * * [with] one modification to provide for no parenting time due to the statements I heard regarding drug use and violence in the home." Respondent did not object to that modification.

On appeal, respondent argues only that the trial court lacked authority to issue a custody order. He does not challenge the part of the FAPA order that restrains him from contacting or attempting to contact petitioner. In his first assignment of error, respondent contends that the trial court erred by including custody and parenting time restrictions in the order. Respondent argues that the court erred because the petition did not comply with ORS 107.710(5), which states that a petitioner requesting custody of a child must provide the court with each place that the child has resided over the prior five years, and the names and addresses of persons with whom the child has resided over the prior five years, whether there are any other custody proceedings involving the child, and whether the petitioner knows of any other person with claims to custody of, parenting time with, or visitation rights to the child. Respondent also argues that the trial court did not have authority under ORS 107.718(1)(a) to determine custody for two children on the basis that petitioner is not a legal parent of those children.[2]

___

[2] Respondent contends that the trial court lacked "subject matter jurisdiction" to order custody of the two children. However, respondent argues only that the custody order was *statutorily* defective. That argument does not address the court's *jurisdictional* authority over child custody matters. On appeal, we do not find a

In his second assignment of error, respondent contends that the trial court erred by ordering custody without conducting an exceptional circumstances hearing pursuant to ORS 107.718(2).

In order for us to consider those assignments of error, defendant must have preserved those errors below. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court[.]"). Preservation principles serve three important policies: procedural fairness to the parties and the trial court, judicial economy, and the full development of the record. *Peeples v. Lampert*, 345 Or 209, 219-20, 191 P3d 637 (2008). However, because those principles impose costs on the appellate process—that is, by limiting our ability to correct prejudicial error or provide needed clarification of the law—the determination whether an issue has been preserved is a practical one that depends on whether the facts on the record support a conclusion that the policies underlying the rule have been sufficiently served. *State v. Parkins*, 346 Or 333, 340-41, 211 P3d 262 (2009).

In this case, respondent's request-for-hearing form conveyed to petitioner and to the trial court that respondent did not contest the parts of the order granting child custody to the petitioner or the terms of the parenting time order. After submitting that request-for-hearing form, respondent could, nonetheless, contest those parts of the order at the hearing. ORS 107.718(10)(c) ("The hearing shall not be limited to the issues raised in the respondent's request for hearing form."). However, if respondent did raise those additional issues at the hearing, petitioner was entitled to a continuance to prepare a response to those additional issues. ORS 107.718(10)(c) ("If the respondent seeks to raise an issue at the hearing not previously raised in the request for hearing form * * *, the other party shall be entitled to a reasonable continuance for the purpose of preparing a response to the issue.").

We turn to whether respondent sufficiently raised the additional issues relating to custody and parenting time

at the hearing. Respondent's only statement at the hearing concerning the children was made immediately following his request to be allowed to return to the marital home. That statement was simply that "[petitioner has] t[a]ken my kids, my two sons who are not even her biological children. I want to bring up charges on that too."

The timing of the remark suggests that respondent's statement was factual support for his request to gain access to the marital home on the basis that neither petitioner nor the children still resided there. Significantly, respondent's factual assertion that petitioner *took* the children, does not contest the order granting petitioner *custody over* the children. Respondent's indication that he wanted to "bring up charges" did not indicate an objection to any issue relevant within that restraining order proceeding, much less that those "charges" implicated the court's authority to issue the custody order. In addition, respondent's contention that the two sons were not petitioner's *biological* children did not adequately alert either petitioner or the trial court to any argument that the court lacked statutory authority to grant petitioner custody of the children or that an exceptional circumstances hearing was required before the court could grant the custody order. Although petitioner's biological relationship might be a fact that could be relevant to those types of challenges, respondent's mere assertion of the claimed fact that petitioner was not a biological parent does not, by itself, preserve challenges predicated on petitioner's *legal* relationship to the children.

Because respondent did not adequately raise his claims of errors at trial, petitioner was denied the opportunity to respond to his arguments. Finally, neither respondent nor petitioner introduced evidence relating to the custody order adequate for appellate review of respondent's assigned errors. Thus, we conclude that respondent did not preserve his assigned errors.

Affirmed.