Submitted January 28, reversed and remanded for resentencing; otherwise affirmed March 10, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JEREMY WILSON CURTIS,
*Defendant-Appellant.*

Multnomah County Circuit Court
021051055; A138696

228 P3d 1216

Peter Gartlan, Chief Defender, and Irene B. Taylor, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Harry B. Wilson, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals a judgment of conviction for driving while under the influence of intoxicants, ORS 813.010, and reckless driving, ORS 811.140. We write only to address his fourth assignment of error, in which he contends that, because ORS 423.570(6)(b) provides that, "[i]n cases of financial hardship or when otherwise advisable in the interest of the released person's rehabilitation[,]" the trial court "may waive or reduce the amount of the fee for any person whom the court has sentenced to probation[,]" the trial court erred in concluding that it lacked legal authority to waive defendant's enhanced bench probation supervision fee of $15 per month. The state concedes that the trial court erred in that regard. Because we agree that the trial court declined to waive defendant's fee based on the erroneous legal premise that it lacked authority to do so and that ORS 423.570(6)(b) explicitly confers such authority, we accept the state's concession. Accordingly, we remand for the trial court to exercise its discretion under ORS 423.570(6)(b). We reject defendant's other three assignments of error without discussion.

Reversed and remanded for resentencing; otherwise affirmed.