Submitted January 15, reversed March 10, 2010

Naomi MARTINEZ,
*Petitioner-Respondent,*

*v.*

Joseph Nicholas MARTINEZ,
*Respondent-Appellant.*

Umatilla County Circuit Court
HR090020; A141745

228 P3d 1216

John L. Ballard filed the brief for appellant.

No appearance for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Deits, Senior Judge.

PER CURIAM

## PER CURIAM

Respondent appeals from a trial court order continuing and renewing a restraining order, following a hearing, under the Family Abuse Prevention Act (FAPA), ORS 107.700 to 107.735. He contends, in part, that the evidence did not establish that petitioner had, in fact, been "the victim of abuse committed by the respondent within 180 days preceding the filing of the petition[.]" ORS 107.718(1); *see also* ORS 107.710(1). On *de novo* review, *see Rosiles-Flores v. Browning*, 208 Or App 600, 603, 145 P3d 328 (2006); *Strother and Strother*, 130 Or App 624, 629, 883 P2d 249 (1994), *rev den*, 320 Or 508 (1995), we agree with respondent that the proof was deficient in, at least, that respect.[1] Accordingly, we reverse.

A description of the underlying circumstances of this domestic dispute, and of the parties' proof, would be of no benefit to the bench, the bar, or the public. Indeed, in this context, we cannot improve on the observations of the late Chief Judge Herbert Schwab:

> "The incidents which give rise to child custody litigation are never pleasant, and often sordid. Such litigation tends to emphasize human weaknesses. While the published opinion of an appellate court in a custody case is rarely a 'best seller,' it is nevertheless a public record which can in later years come to the attention of the children who were the subject of the controversy."

*Sarty v. Forney*, 12 Or App 251, 253, 506 P2d 535 (1973).

It suffices to say that, even giving due regard to the trial court's assessments of credibility, we cannot find by a preponderance of the evidence, ORS 107.710(2), that respondent did, in fact, commit abuse, as defined in

---

[1] The notice of appeal in this case was filed before the effective date (June 4, 2009) of the 2009 amendments to ORS 19.415. Accordingly, the provisions of ORS 19.415(3)(b) do not apply to our review of this appeal.

ORS 107.705(1),[2] against petitioner within 180 days preceding the filing of the petition.

Reversed.

---

[2] "Abuse," as defined in ORS 107.705(1), means:

"[T]he occurrence of one or more of the following acts between family or household members:

"(a) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury.

"(b) Intentionally, knowingly or recklessly placing another in fear of imminent bodily injury.

"(c) Causing another to engage in involuntary sexual relations by force or threat of force."