Submitted August 31, 2020, reversed February 10, 2021

J. N. D.,
*Petitioner-Respondent,*
*and*

STATE OF OREGON,
*Petitioner below,*

*v.*

HAMED SHIRVAN DEHKORDI,
*Respondent-Appellant.*

Washington County Circuit Court
C152634RO; A172266

481 P3d 422

Respondent seeks reversal of an order under ORS 107.725 renewing a restraining order under the Family Abuse Prevention Act (FAPA), ORS 107.700 to 107.742, contending that the trial court's findings that respondent continues to pose an imminent danger of further abuse and a credible threat to petitioner's physical safety are not supported by the record. *Held*: Evidence that petitioner remains subjectively fearful of respondent after four years, however genuine, is not enough to support the renewal of the FAPA order. The fear must be objectively reasonable—that is, it must be based on evidence that respondent continues to pose an imminent danger of further abuse and a credible threat to petitioner's physical safety. Evidence that respondent continues to be angry at petitioner does not meet the statutory standard. The court erred in renewing the FAPA order, and the Court of Appeals therefore reversed the order.

Reversed.

Keith R. Raines, Judge.

Adam L. Dean and Dean Law Group, P.C., filed the brief for appellant.

No appearance for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

ARMSTRONG, P. J.

Reversed.

**ARMSTRONG, P. J.**

Respondent seeks reversal of an order under ORS 107.725 renewing a restraining order under the Family Abuse Prevention Act (FAPA), ORS 107.700 to 107.742. We conclude that the court erred in renewing the order and therefore reverse.

A person who has been subject to domestic abuse may file a petition seeking an *ex parte* FAPA restraining order against the abuser upon a showing that (1) the petitioner has been abused; (2) the petitioner is in imminent danger of further abuse; and (3) the respondent represents a credible threat to the physical safety of the petitioner or the petitioner's child. ORS 107.710 (describing FAPA petition); ORS 107.718 (providing for *ex parte* hearing and order).

Petitioner and respondent were husband and wife and have two young children. The Washington County Circuit Court entered an *ex parte* FAPA order on August 21, 2015, based on petitioner's statement that respondent had twice forced her to have sex with him and had threatened to put a bullet through her eyes if she divorced him.

Minutes after he was served with the *ex parte* FAPA order, respondent attempted to communicate with petitioner by text and cellphone call. As a result, respondent was cited and pleaded no contest to punitive contempt of the *ex parte* order. He was sentenced to two years' probation, with requirements to attend batterers' intervention counselling.

A respondent may request a hearing to contest an *ex parte* FAPA order, ORS 107.718(10), after which the court can cancel, change, or continue the order upon a determination of the facts supporting the issuance of the *ex parte* order. ORS 107.716(3) (setting forth required findings for continuance of *ex parte* order). It is the petitioner's burden to prove the elements of a FAPA petition by a preponderance of the evidence. ORS 107.710(2).

Respondent contested the *ex parte* FAPA order and, after a hearing on September 15, 2015, the court continued the order, which the court subsequently modified so that respondent could have parenting time with the parties'

children pursuant to an order in the parties' pending disso-
lution proceeding.

Upon issuance, a FAPA order is effective for one
year, or sooner if vacated, superseded, or modified. ORS
107.718(3). The court may renew a FAPA order upon a find-
ing that "[a] person in the petitioner's situation would rea-
sonably fear further acts of abuse by the respondent if the
order is not renewed." ORS 107.725(1). In order to renew the
FAPA order, the court need not make a finding that there
has been further abuse. ORS 107.725(2).

The court renewed the FAPA order in August 2016,
based on petitioner's sworn statement that she still feared
respondent and the court's finding that, "despite taking
classes," respondent had not assumed "personal responsi-
bility for what he has inflicted on petitioner." The parties
were divorced in October 2016. The court again renewed the
FAPA order in August of 2017 and 2018.

In her sworn statement of August 2019 seeking a
renewal of the FAPA order, petitioner stated:

> "[W]hen [respondent] runs into mutual friends or we are in
> court he is still very angry and says things to the kids. I'm
> afraid that if I don't get this he will come near me again. I
> am also afraid of him getting guns."[1]

At the *ex parte* hearing, petitioner testified that she still
fears for her safety because, despite having taken anger-
management classes,[2] and based on things told to her by the

---

[1] In her August 2019 petition seeking renewal of the FAPA order in August
2019, petitioner stated:

"He has been through the anger management, is still very angry and
refuses to acknowledge what he has done/has threatened to do to me was
wrong. I know he is still very angry with me, from what our children do and
say. I am terrified about what will happen if he is allowed to be near me
or come to my house. He is so obsessed with buying guns that he has even
taken up this case to the supreme court to try and dismiss the restraining
order and that is scary. I know his personality due to living with him for over
10 years and he never lets go of anger or a grudge and I would like to protect
myself along with all the children who live in the house with me. Every time
we are in Court due to the restraining order or custody changes his anger is
very obvious so I do not believe he has learned how to control himself and he
is still a danger to me."

[2] Petitioner described the classes as "anger management," but respondent
had actually completed a batterers' intervention class.

parties' children and mutual friends, husband continues to be "really really angry."

At a hearing in September 2019, petitioner testified that respondent had not violated the FAPA order in the preceding year and that the parties had not had any contact. But petitioner testified that the original FAPA order had been issued based on a long period of abuse, anger, and threats, and that "I still fear that anger coming towards me if he is allowed to contact me or come near my home, and I feel like I need this to keep myself and my family safe." She testified that "mutual friends" with whom petitioner had spoken six months before "*** tell me about the anger and what he says, that he's out to get me and he's going to make sure I pay."

Respondent testified that he does not wish to see petitioner or have contact with her but only wishes to no longer be subject to the restraining order so that he can attend his children's school and extra-curricular activities without scheduling around petitioner's presence. After the hearing, the court renewed the FAPA order, finding that "petitioner reasonably fears for [her] personal safety" and that "[r]espondent represents a credible threat to the physical safety of Petitioner or Petitioner's children."

Respondent appeals, contending that the record does not support the trial court's findings. We review the trial court's findings for "any evidence" and its legal conclusions for errors of law, *Hobert v. Noon*, 245 Or App 328, 330, 260 P3d 836 (2011), and conclude that respondent is correct that the record does not support the court's findings that petitioner reasonably fears for her personal safety or that respondent represents a credible threat.

The requirement for the renewal of a FAPA order— that the court find that the petitioner has a reasonable fear of further abuse from the respondent, ORS 107.725(1)—is, practically speaking, a requirement that the court find that the reasons for entry of the FAPA order still exist. *See Edwards v. Biehler*, 203 Or App 271, 277, 124 P3d 1256 (2005) (statutory requirements for *termination* of FAPA order require court to determine that the bases for entry of the order—recent abuse or imminent danger of further

abuse—have ceased to exist and the petitioner no longer has reason to fear the respondent). Thus, in seeking to renew the FAPA order, petitioner bears the burden to present evidence that her subjective fear of petitioner is objectively reasonable—that is, that respondent continues to pose an imminent danger of further abuse and a credible threat to petitioner's physical safety. ORS 107.710(2).[3]

As noted, the trial court found that respondent poses a credible threat to petitioner's physical safety. The court did not make any finding as to whether respondent poses an imminent danger of future abuse, but we assume that the court made that finding, because it would be necessary for and consistent with the determination to renew the order. *Buell v. Buell*, 366 Or 553, 565, 466 P3d 949 (2020) ("When a trial court does not make express findings of fact, 'we will presume that the facts were decided in a manner consistent with the [trial court's] ultimate conclusion' as long as there is evidence in the record to support those implicit findings. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968)" (brackets in *Buell*).). We conclude that the court's findings are not supported by evidence in the record. First, the circumstances today are much different from what they were at the time of entry of the FAPA. At that time, the parties were married and living together and in conflict over a pending dissolution. The parties are now divorced and living separately. Except for court appearances, they have not been in each other's physical presence since the entry of the FAPA order in 2015. Those changes have greatly reduced the risk of adverse physical contact. *See Buell*, 366 Or at 562 (a totality-of-circumstances analysis could consider whether, after the wife moved out of the parties' home, the danger to her changed); *Kargol v. Kargol*, 295 Or App 529, 533, 435 P3d 814 (2019) ("[G]iven that the parties were living apart without further incident and had very little

---

[3] "'Imminent danger' *** includes but is not limited to situations in which the respondent has recently threatened petitioner with additional bodily harm." ORS 107.718(5). The Supreme Court has said that the legislature intended the phrase "imminent danger of further abuse" to have its plain meaning. *Buell v. Buell*, 366 Or 553, 560, 466 P3d 949 (2020) (citing *Webster's Third New Int'l Dictionary* 1130 (unabridged ed 2002) (defining "imminent" to mean "ready to take place," "near at hand," "impending," "hanging threateningly over one's head," and "menacingly near")).

contact, and given the evidence of prior incidents of violence in this particular case, the record here does not establish an imminent danger of further abuse or that respondent represents a credible threat to petitioner's physical safety."); *Valenti v. Ackley*, 261 Or App 491, 495, 326 P3d 604 (2014) (once the parties stopped cohabitating, their volatile, sometimes violent history was not sufficient to demonstrate that the respondent posed a credible threat and that the petitioner was in imminent danger of further abuse).

Additionally, the record shows that the parties have been able to work around their conflict to parent their children. Respondent has completed parenting and batterers' intervention classes and has not violated the restraining order. The parties share equal parenting time with their two children, and they accomplish transfers for parenting time without coming into physical proximity. Respondent has taken one daughter on a trip without objection from petitioner.

Finally, there is no evidence that, since 2015, petitioner has threatened physical harm to petitioner or has even been in her presence. Petitioner testified that a renewal of the FAPA order was needed to keep her and her family safe. The parties' shared parenting time belies the reasonableness of petitioner's concern that the FAPA order is necessary for the safety of the children, who spend half their time with respondent. As for petitioner's concern for her own safety, she testified that it is based on what she has heard from the children and a mutual friend about respondent's continued anger, which she said brings back memories of respondent's earlier behavior leading to the original FAPA order.

Petitioner's subjective fear of respondent, however genuine, is not enough to support the renewal of the FAPA order. The fear must be objectively reasonable—that is, it must be based on evidence that respondent continues to pose an imminent danger of further abuse and a credible threat to petitioner's physical safety. *Valenti*, 261 Or App at 495. Evidence that respondent continues to be angry at petitioner does not meet the statutory standard.[4] We conclude

---

[4] In view of our conclusion, we do not address respondent's additional contention that the trial court erroneously placed on him the burden to show that petitioner no longer reasonably feared further physical injury.

for that reason that the trial court erred in renewing the FAPA order.

Reversed.