Argued and submitted June 24, 2021, affirmed August 10, 2022

K. R. M.,
*Petitioner-Respondent,*
*and*

Kevin Paul Simon BAKER,
*Respondent-Appellant.*

Washington County Circuit Court
19PO08520; A173802

515 P3d 905

In this domestic relations case, respondent appeals from a Family Abuse Prevention Act (FAPA) restraining order, seeking review of the order and the award of attorney fees in a supplemental judgment. On appeal, respondent requests *de novo* review and raises four assignments of error, including that the trial court erred in not enforcing a settlement agreement, which contemplated, among other provisions, dismissing the FAPA order. Citing ORS 107.104, he contends that there is a strong public policy supporting the enforcement of agreements between divorcing parties and that it would be inequitable not to enforce such agreements. *Held*: The Court of Appeals declined to take *de novo* review. Further, because continuing the FAPA restraining order fell within the trial court's range of discretion and the application of ORS 107.104 did not compel a different result, the court concluded that respondent has not identified any reversible error.

Affirmed.

Kathleen J. Proctor, Judge.

Kimberly A. Quach argued the cause for appellant. Also on the briefs was Quach Family Law, P. C.

David N. Hobson argued the cause for respondent. Also on the brief was Hobson / Oram Law, LLC.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this domestic relations case, respondent appeals from a Family Abuse Prevention Act (FAPA) restraining order, seeking review of the order and the award of attorney fees in a supplemental judgment. On appeal, respondent requests *de novo* review and raises four assignments of error. As an initial matter, we decline to take *de novo* review. We write to address respondent's first assignment of error in which he argues that the trial court erred in not enforcing a settlement agreement, which contemplated, among other provisions, dismissing the FAPA order. We further summarily reject respondent's second and third assignments of error, challenging the trial court's decision to continue the FAPA order because there was sufficient evidence in the record to support the trial court's findings. Finally, given our disposition on respondent's first three assignments of error, we reject the fourth and final assignment of error asking us to reverse the attorney fee award if the FAPA order was reversed. Accordingly, we affirm.

Respondent initially argues that we should take *de novo* review because the trial court did not consider part of petitioner's testimony in determining whether to continue the FAPA order. In particular, respondent contends that the trial court failed to consider testimony from petitioner in which she stated that she did not have a fear of physical abuse before she filed for divorce. According to respondent, that admission does not support the trial court's finding that he represented a credible threat to the physical safety of petitioner within the meaning of ORS 107.716(3)(a)(c).

The trial court, however, made express factual and credibility findings that are supported by the record. That is, the trial court specifically found petitioner credible, and petitioner's testimony that she did not fear physical abuse before she filed for divorce did not necessarily preclude a finding that petitioner reasonably feared for her physical safety at the time of the hearing. Moreover, this is not an exceptional case in which we would take *de novo* review. Accordingly, we decline to exercise our discretion to take *de novo* review. ORS 19.415(3)(b); ORAP 5.40(8)(c) (providing that the court will exercise its discretion to review *de novo*

"only in exceptional cases"). As such, we review the trial court's legal conclusions for errors of law and, in so doing, we are bound by the court's findings of historical fact if there is any evidence to support them. *J. V-.B. v. Burns*, 284 Or App 366, 367, 392 P3d 386 (2017).

We begin by providing a brief recitation of the facts in accordance with our standard of review. Petitioner and respondent were married in 2010 and have two children. Petitioner filed for divorce in 2019 and, shortly thereafter, petitioner filed, among other actions, a FAPA petition against respondent. The trial court issued the FAPA restraining order, and respondent objected to the order. The trial court then set a hearing to address respondent's objections. At that hearing, instead of reaching the merits of respondent's objections, the parties entered into a settlement agreement in which they agreed to dismiss the FAPA order and to enter into a mutual civil no-contact order. Along with the civil no-contact order, the settlement agreement also addressed several financial and parenting issues. The trial court approved the agreement, modified the FAPA order, and informed the parties that it would dismiss the FAPA order once the court received the civil no-contact order.

A couple of months later, before the civil no-contact order was entered, petitioner informed respondent and the court that she no longer wanted the FAPA order dismissed. At a hearing, respondent argued that petitioner could not back out of the settlement agreement. Specifically, respondent asserted that petitioner had agreed on the record to dismiss the FAPA order and that the court should uphold the agreement. The trial court declined to dismiss the FAPA restraining order, explaining:

> "If [petitioner] doesn't agree to the restraining order being dismissed, I can't dismiss it. * * *
>
> "* * * * *
>
> "She can back out of dismissing a restraining order.
>
> "Restraining orders are for [the] safety of the party, and you know, my thought on that is that I'm not going to dismiss a restraining order if someone doesn't want it dismissed. Even if they initially say they want it dismissed.

This is part of, you know, domestic violence is that this is what people do."

Given the court's ruling, respondent requested a hearing on whether the FAPA restraining order should be continued, which had not happened at the outset because the parties had entered into the settlement agreement. The trial court agreed and set a hearing. After a hearing, the trial court continued the FAPA restraining order. Respondent initiated this timely appeal.

On appeal, respondent renews his argument that the settlement agreement is a contract that should be enforced. In particular, respondent argues that there is a strong public policy supporting the enforcement of agreements between divorcing parties and that it would be inequitable not to enforce such agreements. *See* ORS 107.104 (noting that it is the "policy of this state" for "courts to enforce the terms of settlements described in [ORS 107.104(2)] to the fullest extent possible, except when to do so would violate the law or would clearly contravene public policy"). Moreover, respondent contends that the trial court's decision suggests that parties can never obtain enforceable agreements to dismiss FAPA petitions.

In response, petitioner asserts that the trial court did not err because the court has discretion to refuse to accept parties' proposed settlement agreements. Petitioner also argues that the use of the term "may" in ORS 107.716(6), which provides that a court "may approve any consent agreement to bring about a cessation of abuse of the parties," specifically provides the trial court with discretion to dismiss a FAPA restraining order. Finally, petitioner argues that, given the various FAPA violations by respondent, which petitioner presented evidence of at the hearing, the trial court did not err in refusing to enforce the parties' agreement to dismiss the FAPA restraining order.

ORS 107.716(3)(a) provides that a court may continue a FAPA order if the court determines that:

"(A)  Abuse has occurred within [180 days];

"(B)  The petitioner reasonably fears for the petitioner's physical safety; and

"(C)   The respondent represents a credible threat to the physical safety of the petitioner or the petitioner's child."

ORS 107.716(3)(b) further provides that "[t]he court may cancel or change any order issued under ORS 107.718 and may assess against either party a reasonable attorney fee and such costs as may be incurred in the proceeding." As petitioner's argument highlights, the continuation or cancellation of a FAPA order falls within the trial court's statutory authority. Therefore, after reviewing the evidence presented, the continuance of the FAPA order was within the trial court's discretion. Respondent's arguments regarding the applicability of ORS 107.104 are unpersuasive. ORS 107.104 applies to settlement agreements for "marital annulment, dissolution or separation" cases.[1] Although respondent is correct that ORS 107.104(1) provides that it is the policy of the state for courts to enforce the terms of a settlement agreement "to the fullest extent possible," ORS 107.104(1)(b) provides two exceptions: (1) when to do so "would violate the law"; or (2) when enforcement "would clearly contravene public policy." Therefore, even if ORS 107.104 applied to the settlement agreement in this case, enforcing a settlement agreement that requires dismissal of a FAPA restraining order—even after a victim has expressed legitimate concerns for wanting to keep the restraining order in place—falls under the latter exception in ORS 107.104(1)(b). Here, the trial court's reasoning for not enforcing the settlement agreement—*viz.*, "[r]estraining orders are for [the] safety of the party"—reflects that its decision to continue the FAPA order was guided by public policy considerations. Accordingly, because continuing the FAPA restraining order falls within the trial court's allowable discretion and the application of ORS 107.104 does not compel a different result, we conclude that respondent has not identified any reversible error.

Affirmed.

---

[1] Respondent argues that ORS 107.104 applies to the parties' settlement agreement, because "both parties viewed the FAPA [order] in the context of the broader, previously-filed and related divorce case." We need not decide whether the statement of policy in ORS 107.104 also applies in FAPA proceedings. That is, even assuming that it does, we conclude that the trial court did not err.