*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

Submitted June 7, affirmed November 9, 2022

S. N. G.,
*Petitioner-Appellant,*

*v.*

I. D. W.,
*Respondent-Respondent.*

Linn County Circuit Court
20PO04074; A176368

Rachel Kittson-MaQatish, Judge.

Collin C. McKean, Jordan Jeter, and McKean Smith LLC filed the brief for appellant.

No appearance for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Petitioner appeals from an order of the trial court rejecting her petition to renew a restraining order against respondent under the Family Abuse Prevention Act (FAPA), ORS 107.700 to 107.742. The FAPA case was consolidated with a domestic relations matter relating to custody of the parties' two-year-old child, M, as well as a juvenile dependency matter. *See* ORS 419B.806(2) (mandating consolidation of juvenile, domestic relations, and FAPA matters where legal or physical custody of a child is at issue). The court takes judicial notice that the juvenile dependency matter has since been dismissed. Petitioner has asked that we exercise our discretion under ORS 19.415(3)(b) to review the case *de novo,* but we decline to do so. We therefore review the trial court's findings for "any evidence" and its legal conclusions for errors of law. *Holbert and Noon*, 245 Or App 328, 330, 260 P3d 836 (2011). For the reasons set forth below, we affirm the trial court.

A detailed discussion of the facts would not benefit the parties, the bench, or the bar. Suffice it to say that, in May 2020, petitioner obtained a FAPA order under ORS 107.710 and ORS 107.718(1) with respect to respondent and that she sought to renew that order in May 2021. *See* ORS 197.718(3) (stating that a FAPA order is valid for only one year); ORS 107.725(1) (stating that a FAPA order may be renewed). At the time that the FAPA renewal matter was set for hearing, the parties were disputing custody of their then-two-year-old child, and dependency and domestic relations matters were pending.

Pursuant to ORS 419B.806(2), the FAPA, domestic relations, and dependency matters were consolidated. With the agreement of the parties, the trial court determined that it was necessary to first proceed with the petition to renew the FAPA order. After hearing petitioner's case-in-chief, the trial court concluded that petitioner was not credible, determined that she had not established the factual bases for renewal of the FAPA order, and dismissed the petition.

On appeal, in her first assignment, petitioner contends that the trial court erred in declining to consider the best interests of the child before embarking on a consideration

of the renewal of the FAPA order, noting that under ORS 419B.806(4), in such consolidated cases, the court cannot proceed first on the FAPA or domestic relations matters rather than the juvenile matter unless it has determined that doing so is in the best interests of the child. We have reviewed the record and conclude that any error by the trial court in failing to first address the best interests of the child before proceeding to address the renewal of the FAPA order in advance of the dependency matter was invited, as the parties all agreed at the time of the hearing that the first matter to be addressed was the petition to renew the FAPA order. Thus, we reject the first assignment of error. *State v. Kammeyer*, 226 Or App 210, 214, 203 P3d 274, *rev den*, 346 Or 590 (2009) ("Under the invited error doctrine, a party who was actively instrumental in bringing about an alleged error cannot be heard to complain, and the case ought not to be reversed because of it." (Internal quotation marks omitted.)).

After petitioner presented her case-in-chief for renewal of the FAPA order, respondent moved to dismiss the petition, and the trial court agreed with respondent, concluding that it had not heard any evidence that would support a finding that a reasonable person would be in imminent fear of further abuse from respondent. *See* ORS 107.725;[1] *J. N. D. v. Dehkordi*, 309 Or App 198, 201-02, 481 P3d 422 (2021) (In seeking to renew a FAPA order, the petitioner bears the burden to present evidence of an objectively reasonable subjective fear that the respondent continues to pose an imminent danger of further abuse and a credible threat to the petitioner's physical safety.). Petitioner's second assignment challenges that ruling.

In her second assignment, petitioner contends that the trial court committed legal error in declining to allow her to testify concerning respondent's conduct underlying the initial FAPA order—respondent's jealous and controlling

---

[1] ORS 107.725(1) provides:

"The court may renew an order entered under ORS 107.716 or 107.718 upon a finding that:

"(a) A person in the petitioner's situation would reasonably fear further acts of abuse by the respondent if the order is not renewed[.]"

behavior toward petitioner—which she contended was relevant to show "the continued power and control dynamic and pattern of abuse that caused Petitioner to reasonably fear further abuse." On respondent's objection, the trial court ruled that it would not consider that evidence, because, based on the evidence that it had heard so far, it was not relevant to the issue whether the FAPA order should be renewed. The court explained that if petitioner could present evidence that demonstrated a continuation of the conduct that had resulted in the issuance of the original FAPA order, then it would consider the evidence of the earlier conduct as bearing on the existence of a pattern of conduct. In the absence of that evidence, the court declined to consider the testimony that petitioner sought to introduce concerning the conduct that had formed the basis for the original restraining order.

The court did not err. As we said in *J. N. D.*, 309 Or App at 201, "the requirement for the renewal of a FAPA order—that the court find that the petitioner has a reasonable fear of further abuse from the respondent, ORS 107.725(1)—is, practically speaking, a requirement that the court find that the reasons for entry of the FAPA order still exist." We agree with the trial court that, in the absence of evidence of continued conduct by respondent like that which had formed the bases for the original FAPA order, petitioner's evidence of the earlier conduct did not bear on the question whether the FAPA order should be renewed because of a continuing pattern of conduct. We further conclude that the evidence at the hearing was legally insufficient to establish that petitioner has a reasonable fear of further abuse from the respondent. We therefore agree with the trial court that petitioner did not meet her burden to show that the FAPA order should be renewed.

Affirmed.