Argued and submitted April 20, vacated and remanded July 12, 2023

K. E. B.,
*Petitioner-Appellant,*

*v.*

John W. BRADLEY,
*Respondent-Respondent.*

Multnomah County Circuit Court
16PO02279; A178936

533 P3d 1128

Petitioner sought renewal of a Family Abuse Prevention Act (FAPA) restraining order, ORS 107.725, that she had initially obtained in 2016 and successfully renewed annually until 2022, when the trial court denied her renewal petition and dismissed the restraining order. Relying on the FAPA renewal standard articulated in *J. N. D. v. Dehkordi*, 309 Or App 198, 203, 481 P3d 422 (2021) (*Dehkordi*), the court concluded that it could not find "imminent danger" on the existing record. On appeal, petitioner argues that the trial court misapplied the renewal standard or, alternatively, that *Dehkordi*'s description of the renewal standard is plainly wrong. *Held*: A petitioner is no longer required to establish "imminent danger" for FAPA renewal. *Dehkordi* misstated the renewal standard, as it failed to take into account a recent legislative amendment to FAPA that indirectly affected the FAPA renewal standard. *Dehkordi* is therefore overruled on that point. The order dismissing petitioner's restraining order is vacated, and the case is remanded for further proceedings under the correct legal standard.

Vacated and remanded.

Amy Holmes Hehn, Judge.

Janet M. Schroer argued the cause for appellant. Also on the briefs were Taylor B. Lewis and Hart Wagner LLP.

Dean N. Alterman argued the cause and filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Vacated and remanded.

**AOYAGI, P. J.**

Petitioner obtained a Family Abuse Prevention Act (FAPA) restraining order against respondent in 2016. It was renewed in 2017, 2018, 2019, 2020, and 2021. The trial court denied renewal in 2022, resulting in dismissal of the restraining order. In her sole assignment of error, petitioner challenges the denial of renewal, arguing that the trial court misapplied the renewal standard or, alternatively, that our description of the renewal standard in *J. N. D. v. Dehkordi*, 309 Or App 198, 203, 481 P3d 422 (2021) (*Dehkordi*), is plainly wrong, such that *Dehkordi* should be overruled on that point.[1] As explained below, we agree that we misstated the renewal standard in *Dehkordi*, as we failed to take into account a recent legislative amendment to FAPA that indirectly affected that standard. We therefore vacate the order dismissing petitioner's restraining order and remand for further proceedings under the correct legal standard.

The facts underlying the original issuance of the FAPA restraining order and intervening renewals are immaterial to the issue on appeal. It is sufficient to say that petitioner was granted a FAPA restraining order in 2016, which was renewed annually through 2021. In the 2022 contested renewal proceeding, the trial court found that petitioner continued to be subjectively "very fearful" of respondent and that such fear was "objectively reasonable," but the court nonetheless denied renewal due to the lack of evidence of "imminent danger." The court explained that, under *Dehkordi*, the "imminent danger" requirement

---

[1] Petitioner did not argue to the trial court that *Dehkordi* is wrong and should be overruled. However, petitioner raised the relevant issue in the trial court—the proper renewal standard for a FAPA order—including arguing for renewal under *Dehkordi*. On appeal, she reiterates her argument made below, as well as arguing in the alternative that we should overrule *Dehkordi*. Under the circumstances, petitioner adequately preserved the issue that she raises on appeal. Arguing to the trial court that *Dehkordi* is wrong would not have served any meaningful purpose, as it would not have prompted different development of the record, and at most the trial court would have stated on the record what it in fact did state on the record—that it was bound by *Dehkordi* even if it disagreed with it. In short, the general issue was raised, and it is only a particular argument that did not need to be raised, as making that particular argument would have been futile, and petitioner obtained no "unfair advantage or surprise" in waiting to raise the issue on appeal. *See State v. Merrill*, 303 Or App 107, 112-13, 463 P3d 540 (2020), *adh'd to as modified on recons*, 309 Or App 68, 481 P3d 441, *rev den*, 368 Or 402 (2021) (very similar circumstances).

applies in FAPA renewal proceedings, although it also noted that it found that aspect of *Dehkordi* "confusing" given the legislature's recent removal of that requirement from FAPA continuation proceedings:

> "[T]he Court of Appeals in *Dehkordi* has made it clear that for the fear of a FAPA petitioner to be considered 'objectively reasonable' in the FAPA renewal context, the respondent must present a credible threat to the survivor's physical safety. *Dehkordi* holds further that in the FAPA renewal context, not only must the respondent present a credible threat to the petitioner's physical safety, [but] the respondent must pose an *imminent* danger of further abuse to Petitioner, even though the legislature removed the requirement of 'imminent danger' from the standard applied for continuing a FAPA restraining order at the contested hearing stage. ORS 716.716(3)(a). The Court finds this to be confusing. Nevertheless, the Court is bound to apply the standard articulated in *Dehkordi* to the fact[s] of this case. That standard, as the Court understands it, requires the Court to find that if [petitioner's] restraining order is not renewed, it is more likely than not that not only will [respondent] harm [petitioner] physically, [but] he will do so *imminently*.
>
> "Applying that standard, on the evidentiary record before it, even given the history known to the Court, this Court is unable to find that this standard has been met. Given the circumstances as they appear today, and the potential consequences for [respondent] that could flow from it, it appears to this Court unlikely that [respondent] will seek out [petitioner] and harm her physically. It's *possible* that this will happen, but 'possible' is not the legal standard that the Court is required to apply."

(Emphases in original.)

Given its central role in the trial court's decision, we begin our analysis with a discussion of *Dehkordi*. In *Dehkordi*, the trial court renewed a FAPA restraining order, expressly finding that the petitioner reasonably feared for her personal safety and that the respondent represented a credible threat. 309 Or App at 201. The respondent appealed the renewal order, challenging the court's factual findings. *Id*. We began our analysis by stating the legal standard for renewal of a FAPA restraining order under ORS 107.725(1),

relying on a 2005 case for the proposition that the renewal standard essentially requires the trial court to find "that the reasons for entry of the FAPA order still exist":

> "The requirement for the renewal of a FAPA order—that the court find that the petitioner has a reasonable fear of further abuse from the respondent, ORS 107.725(1)—is, practically speaking, a requirement that the court find that the reasons for entry of the FAPA order still exist. *See [A. M. E.] v. Biehler*, 203 Or App 271, 277, 124 P3d 1256 (2005) (statutory requirements for termination of FAPA order require court to determine that the bases for entry of the order—recent abuse or imminent danger of further abuse—have ceased to exist and the petitioner no longer has reason to fear the respondent). Thus, in seeking to renew the FAPA order, petitioner bears the burden to present evidence that her subjective fear of petitioner is objectively reasonable—that is, that respondent continues to pose an imminent danger of further abuse and a credible threat to petitioner's physical safety. ORS 107.710(2)."

*Id.* at 201-02 (emphasis in original; footnote omitted).

Relying on that articulation of the legal standard, we assumed that the trial court had implicitly found that the respondent posed an "imminent danger of further abuse" to the petitioner in *Dehkordi*, because such a finding was "necessary for and consistent with the determination to renew the order." *Id.* at 202; *see M. A. B. v. Buell*, 366 Or 553, 565, 466 P3d 949 (2020) ("When a trial court does not make express findings of fact, we will presume that the facts were decided in a manner consistent with the [trial court's] ultimate conclusion as long as there is evidence in the record to support those implicit findings." (Internal quotation marks omitted.)). We then reviewed the record and concluded that the evidence was legally insufficient to support an implicit finding of "imminent danger of further abuse," citing several cases regarding what constitutes "imminent danger of further abuse" for purposes of continuing a FAPA restraining order. 309 Or App at 202-03 (citing *M. A. B.*, 366 Or at 559-64; *J. K. v. Kargol*, 295 Or App 529, 532-33, 435 P3d 814 (2019); and *C. M. V. v. Ackley*, 261 Or App 491, 494-95, 326 P3d 604 (2014)). On that and other bases, we reversed the order renewing the restraining order. *Id* at 202-04.

At the time that we decided *Dehkordi*, it appears that *A. M. E.* was the only Oregon appellate opinion describing the FAPA renewal standard, and we summarily relied on it as correctly stating the standard. *See Dehkordi*, 309 Or App at 201. *A. M. E.* itself involved the denial of a motion to terminate a stalking protective order (SPO). *A. M. E.*, 203 Or App at 276-77. However, in deciding the legal standard to terminate an SPO, we relied heavily on the FAPA statutory scheme and "the analogous nature of FAPA." *Id.* Regarding FAPA renewal and termination, we stated in *A. M. E.*:

> "[I]n the FAPA context, a judge may terminate a renewed FAPA order upon a respondent's showing that the petitioner lacks a reasonable fear of future abuse. The legislative requirement that the court must find that the petitioner lacks reasonable fear of future abuse is, practically speaking, a requirement that the court find that the reasons for entering the FAPA in the first place—recent abuse or imminent danger of further abuse—have ceased to exist and the petitioner no longer has reason to fear the respondent."

*Id.* at 277. We ultimately concluded "that the legislature intended that the criteria for terminating unlimited duration SPOs be comparable to the criteria for removing FAPA restraining orders[,]" *i.e.*, that the order should terminate when "the criteria for *issuing* the order * * * are no longer present." *Id.* (emphasis added).

What we failed to take into account in *Dehkordi* was that in May 2019, just a few months before the trial court entered the renewal order at issue—*see Dehkordi*, 309 Or App at 200 n 1 (noting that the renewal petition was filed in August 2019)—the legislature had amended FAPA to lower the standard for continuing a restraining order. *See* Or Laws 2019, ch 144, § 1 (amendment). The new lower standard applies to orders issued on or after May 22, 2019. *Id.* §§ 2‑3 (applicability and effective date). Although the 2019 amendment does not expressly affect the FAPA renewal standard, it alters the continuance standard in such a way that our statement in *A. M. E.* ceased to be good law. We pause to explain what we mean in more detail.

Prior to 2019, to obtain a restraining order at an *ex parte* hearing, the petitioner had to show abuse within the preceding 180 days, imminent danger of further abuse, and a credible threat. ORS 107.718(1) (2017); ORS 107.718(1) (2003). If a restraining order was granted, the respondent had 30 days to request a contested hearing, after which the court would decide whether to continue or dismiss the restraining order. ORS 107.716(3), (5) (2017); ORS 107.718(10) (2017); ORS 107.718(1), (4) (2003); ORS 107.718(8) (2003). The statute was silent as to what needed to be proved at a contested hearing to support continuance, *see* ORS 107.716 (2017); ORS 107.716 (2003), so we and the Supreme Court understood it to necessarily require the same findings as an *ex parte* hearing, including an "imminent danger" finding. *See, e.g.*, *M. A. B.*, 366 Or at 555 (determining whether evidence was sufficient to prove "imminent danger" for purposes of continuing a restraining order in 2017); *W. J. F. v. Fielder*, 211 Or App 688, 691-93, 157 P3d 220 (2007) (same, as to continuing a restraining order in 2006). If continued, the restraining order would remain in effect up to one year. ORS 107.716(6) (2017); ORS 107.716(5) (2003). It also could be renewed annually, if the court found that "[a] person in the petitioner's situation would reasonably fear further acts of abuse" if the order was not renewed, regardless of whether any "further act of abuse" had occurred. ORS 107.725(1)(a), (2) (2017); *see also* ORS 107.725 (2003) (nearly identical).

In 2019, in response to our decision in *M. A. B. v. Buell*, 296 Or App 380, 388-90, 438 P3d 465 (2019), *rev'd*, 366 Or 553, 466 P3d 949 (2020) (holding that the evidence at the contested hearing was insufficient to prove "imminent danger of further abuse"), the legislature "relaxed the requirements" for continuing a FAPA restraining order. *N. F. M. v. Al Khalidi*, 315 Or App 668, 669 n 1, 503 P3d 468 (2021), *rev den sub nom*, *M. v. Khalidi*, 369 Or 504 (2022). The legislature did so by adding a new FAPA provision that allows the trial court to continue the restraining order issued at an *ex parte* hearing, after a contested hearing, if the court finds that:

"(A)   Abuse has occurred within the period specified in ORS 107.710 (1) [which is currently within 180 days preceding the filing of the petition];

"(B)  The petitioner reasonably fears for the petitioner's physical safety; and

"(C)  The respondent represents a credible threat to the physical safety of the petitioner or the petitioner's child."

Or Laws 2019, ch 144, § 1; ORS 107.716(3)(a) (codified).[2]

The 2019 amendments to FAPA did not alter the requirements for obtaining a restraining order at an *ex parte* hearing—the petitioner still must show abuse within the preceding 180 days, imminent danger of further abuse, and a credible threat. ORS 107.718(1). If a restraining order is granted, the respondent still has 30 days to request a contested hearing, after which the court will decide whether to continue or dismiss the restraining order. ORS 107.716(3); ORS 107.718(10). But the standard for continuing the restraining order has changed. It is no longer necessary that the trial court find an imminent danger of further abuse, as previously required at the continuation stage; it is now enough for the court to find that "[t]he petitioner reasonably fears for the petitioner's physical safety." ORS 107.716(3)(a)(B).

As for renewal of a FAPA restraining order, the statutory language remains the same as it was before 2019. The restraining order may be renewed upon a finding that "[a] person in the petitioner's situation would reasonably fear further acts of abuse by the respondent if the order is not renewed[,]" ORS 107.725(1)(a), regardless of whether any "further act of abuse" has occurred, ORS 107.725(2). However, the statutory *context* for the renewal provision has substantially changed. Prior to the 2019 amendment, the legal standard for a FAPA restraining order was the same at every stage—initial (the *ex parte* hearing), continuation (the contested hearing), and renewal. *See M. A. B.*, 366 Or at 555 (regarding continuation); *A. M. E.*, 203 Or App at 277 (regarding renewal). That is no longer the case after the 2019 FAPA amendment. There is now a statutorily proscribed step down between the initial stage and the continuation stage as to what must be proved. Moreover, the nature

---

[2] In 2023, the legislature again amended ORS 107.716, ORS 107.718, and ORS 107.725. Or Laws 2023, ch 130, §§ 1-3. However, those amendments are not yet in effect. *Id.* § 4 (applicability and effective date).

and purpose of the 2019 amendment make clear that the legislature intends the "imminent danger of further abuse" requirement to apply only at the initial stage. It would make no sense given the overall scheme to construe ORS 107.725 as requiring more for renewal than ORS 107.716 requires for continuation.

We will "depart from precedent when the statutory context for a particular decision has substantially changed." *Farmers Ins. Co. v. Mowry*, 350 Or 686, 693, 261 P3d 1 (2011). Here, in light of the 2019 FAPA amendment, our statement in *A. M. E.*, 203 Or App at 277, that the standard for renewing or terminating a FAPA restraining order is the same as the standard "for entering the FAPA in the first place" can no longer be considered good law. It follows that we should not have relied on that statement in deciding *Dehkordi*, which involved a FAPA renewal order issued a few months *after* the 2019 amendment went into effect.

Notably, we were not actually interpreting the FAPA renewal standard in *Dehkordi*—we were simply applying existing case law. Had we been aware of the 2019 amendment to the continuance standard and recognized its indirect effect on the renewal standard, we almost certainly would have held—as we do now—that the renewal standard for a FAPA restraining order is in line with the current standard for *continuing* a FAPA restraining order, rather than the standard for initially obtaining one. We readily conclude that this is an appropriate circumstance to recognize our error and correct course.[3] *See State v. McCarthy*, 369 Or 129, 144-45, 501 P3d 478 (2021) (deciding whether to overrule a prior opinion requires "an exercise of judgment that takes all appropriate factors into consideration," for which there is "no fixed list," but one appropriate consideration is "whether the factual or legal underpinnings of the case have changed, including whether the case was based on a

---

[3] We note that our mistaken reliance on *A. M. E.* affected the analysis in *Dehkordi*, in that we assumed that the trial court had made an implicit finding of "imminent danger" and concluded that such finding was unsupported by the evidence. *See Dehkordi*, 309 Or App at 202. It did not affect the outcome of *Dehkordi*, however, because we independently concluded that the "credible threat" finding was unsupported. *Id*. at 203.

significant assumption that has proven to be erroneous" (internal quotation marks and footnote omitted)).

In sum, to renew a FAPA restraining order, it is no longer necessary for the trial court to find an "imminent danger of further abuse." *Dehkordi* wrongly stated that such a finding was required for renewal, and we therefore overrule that portion of *Dehkordi*.[4] *See State v. Civil*, 283 Or App 395, 405-06, 388 P3d 1185 (2017) (we will overrule existing precedent if it is "plainly wrong," which is "a rigorous standard grounded in presumptive fidelity to *stare decisis*").

That brings us to the disposition of this appeal. In denying petitioner's 2022 renewal request, the trial court expressly relied on the FAPA renewal standard articulated in *Dehkordi*, particularly the need for an "imminent danger" finding. We have now overruled *Dehkordi* insofar as it required an "imminent danger" finding to renew a FAPA restraining order. Under the circumstances, we agree with petitioner that the appropriate disposition is to vacate the order dismissing the restraining order and remand to the trial court for further proceedings.[5]

Vacated and remanded.

---

[4] Because this opinion overrules our existing precedent, the panel specifically advised all members of the court of the effect of its decision, but neither the chief judge nor a majority of the regularly elected or appointed judges referred, under ORS 2.570(5), the cause to be considered en banc.

[5] During oral argument, respondent raised an issue regarding how remand proceedings would be conducted in the event of reversal, given the timing of FAPA restraining order renewals and the timeline of this case. We agree with the parties that that issue is best addressed in the trial court on remand.