***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted May 5, affirmed July 26, 2023

A. L. B.,
*Petitioner-Respondent,*

*v.*

Justin Dewine DALBY,
aka Justin Dewain Dalby,
*Respondent-Appellant.*

Yamhill County Circuit Court
22PO09039; A179604

Cynthia Kaufman Noble, Judge.

Justin Dalby filed the brief *pro se*.

No appearance for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Respondent appeals from the continuation of a Family Abuse Protection Act (FAPA) order. On appeal, respondent argues that the trial court erred when it continued the FAPA order because there was insufficient evidence to show both that petitioner reasonably feared for her personal safety and that respondent posed a credible threat to petitioner's physical safety. For the following reasons, we affirm.

"[W]e review the trial court's legal conclusions for errors of law and, in so doing, we are bound by the court's findings of historical fact if there is any evidence to support them." *K. R. M. v. Baker*, 321 Or App 313, 315, 515 P3d 905 (2022).

Under ORS 107.716(3)(a), a court may continue a FAPA order if the court determines that

"(A)   Abuse has occurred within [180 days];

"(B)   The petitioner reasonably fears for the petitioner's physical safety; and

"(C)   The respondent represents a credible threat to the physical safety of the petitioner or the petitioner's child."

Here, the record contains evidence that during an argument, respondent flipped over a kitchen table, and when petitioner tried to leave, respondent followed her to the door and prevented her exit. When petitioner was able to leave the house, respondent followed her to her car, screaming at her. The record also contains evidence that on another occasion respondent followed petitioner while she was driving. When petitioner stopped at a red light, respondent got out of his car and walked up to petitioner's car window, irate, and screamed at her until the light changed to green and petitioner was able to drive away. Respondent's behavior caused petitioner to call law enforcement who directed her to come to the police station. Respondent followed petitioner to the police station and only calmed down after he talked to a law enforcement officer. Although respondent has a different explanation for what happened on both occasions, the

trial court was not required to accept his testimony, and we do not reweigh evidence on appeal.

The trial court relied on both incidents of physical confrontations to continue the FAPA order. Because the record contains evidence from which the trial court could conclude that petitioner reasonably feared for her physical safety and that respondent represented a credible threat to petitioner's physical safety, the trial court did not commit legal error in continuing the FAPA order.

Affirmed.