No. 554 August 7, 2024 279

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

R. R.,
*Petitioner-Respondent,*

*v.*

PHILIP ROBERTS,
*Respondent-Appellant.*

Deschutes County Circuit Court
21PO12359; A180648

Bethany P. Flint, Judge.

Argued and submitted February 21, 2024.

David G. Brown argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Respondent appeals the trial court's renewal of a restraining order under the Family Abuse and Prevention Act (FAPA). Respondent assigns error to the trial court's finding that there was sufficient evidence to renew the FAPA order. To support his assertion, we understand respondent to posit three arguments on appeal.[1] First, he challenges the sufficiency of the evidence to establish petitioner's subjective and objective fear of further acts of abuse. Second, respondent argues that the trial court impermissibly used the lens of a victim of domestic violence to examine the effects that his communications and actions had on petitioner. Third, respondent argues that the trial court improperly inserted its own experience into the matter when it found that law enforcement's characterization of petitioner lacked credibility. For the reasons we discuss below, we reject those arguments and affirm the trial court's renewal of the FAPA order.

Respondent requests *de novo* review. We decline his request because this is not an exceptional case that warrants *de novo* review. ORS 19.415(3); ORAP 5.40(8)(c). Accordingly, we review the renewal of a FAPA order for legal error, and when doing so, are bound by the trial court's findings if they are supported by any evidence in the record. *Sacomano v. Burns*, 245 Or App 35, 36, 261 P3d 54 (2011).

The renewal of a FAPA order is appropriate when "[a] person in the petitioner's situation would reasonably fear further acts of abuse by the respondent if the order is not renewed." ORS 107.725(1)(a). Put differently, a trial court may renew a FAPA order when a petitioner reasonably fears for their physical safety. *K. E. B. v. Bradley*, 327 Or App 39, 45, 533 P3d 1128 (2023). No further acts of abuse are required to renew a FAPA order. ORS 107.725(2).

Having reviewed the record, we conclude that there is sufficient evidence to support the trial court's finding that a person in petitioner's situation would reasonably fear

---

[1] Although respondent raises three assignments of error, they are more properly characterized as arguments in support of his overall assertion that the evidence was insufficient to support the trial court's decision to renew the restraining order.

for her physical safety. Specifically, the evidence that the court relied upon demonstrated that respondent was sending "manipulative" and "controlling" texts, which were all "outside the scope of the permitted communication in the modification order." *See N. F. M. v. Khalidi*, 315 Or App 668, 671, 503 P3d 468 (2021) (holding that "a direct violation of the *ex parte* order, *** when coupled with abuse during the relationship, can support an inference that [the] respondent poses a credible threat to [the] petitioner's physical safety"); *see also P. K. W. v. Steagall*, 299 Or App 820, 826, 452 P3d 1059 (2019) (finding that violations of an *ex parte* restraining order were evidence of "a continuing threat to the petitioner's safety").

Here, in response to petitioner having company over, respondent said, "[a]nd so you agree that bringing another man into our home or around our kids is Wrong and emotionally unfair to our children." He asked for petitioner's new phone number, stating that it was "[ir]responsible to not share *** as our children are concerned." Respondent also sent text messages that insinuated that he knew where petitioner's new house was located. Finally, respondent sent several messages to petitioner blaming her for his strained relationship with the children. For example, he wrote, "I really don't appreciate what appears to be manipulation and alienation of my children towards me to prevent my parenting time and bond. It's a tragedy what has happened to my relationship with the older kids because of this process, and you have the power to make things right and healthy again." Because the record supports the finding that respondent acted in a manipulative manner to seek information outside the bounds of the order, coupled with the abusive behavior that formed the basis of the FAPA order, the trial court did not err in concluding that a person in petitioner's situation would reasonably fear for her physical safety in the absence of the FAPA order.

On appeal, respondent relies on what is now an abrogated legal standard for the renewal of a FAPA order in support of his argument that the evidence was insufficient. Respondent argues that, in order for the trial court to find sufficient evidence to renew a FAPA order, petitioner's

reasonable fear must have been based on "alleged conduct [that] creates an imminent danger of further abuse and a credible threat to the physical safety of the petitioner." *Hubbell v. Sanders*, 245 Or App 321, 326, 263 P3d 1096 (2011); *see also J. N. D. v. Dehkordi*, 309 Or App 198, 203, 481 P3d 422 (2021), *overruled by K. E. B.*, 327 Or App at 48 (holding that petitioner's "fear must be objectively reasonable—that is, it must be based on evidence that respondent continues to pose an imminent danger of further abuse and a credible threat to petitioner's physical safety"). Respondent argues that the trial court failed to consider whether there was conduct sufficient to meet the imminent danger standard. However, shortly after this appeal was filed, we recognized that, because of amendments to the FAPA statute in 2019, "[i]t is no longer necessary that the trial court find an imminent danger of further abuse * * *; it is now enough for the court to find that 'the petitioner reasonably fears for the petitioner's physical safety.'" *K. E. B.*, 327 Or App at 45 (quoting ORS 107.716(3)(a)(B) (2019), *amended by* Or Laws 2023, ch 140, § 3). Thus, the trial court needed only to determine that a person in petitioner's situation would reasonably fear for her physical safety.

Addressing respondent's second and third arguments, we reject his assertion that the trial court erred when it considered the evidence from petitioner's perspective as a victim of domestic violence. The applicable statute not only allows but requires the court to consider the evidence within the context of a petitioner's experiences. ORS 107.725(1)(a). Additionally, to the extent that respondent relied upon law enforcement's characterization of petitioner as histrionic or demanding in order to demonstrate that petitioner's reactions were unreasonable, the trial court made permissible credibility findings that are supported by the record. *See K. R. M. v. Baker*, 321 Or App 313, 314, 515 P3d 905 (2022).

Given the record presented on appeal, and accepting the trial court's findings that have evidence to support them, the trial court did not err in renewing the FAPA order.

Affirmed.