No. 1046 December 3, 2025 447

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

H. A. S.,
*Petitioner-Respondent,*

*v.*

WILLIAM ELLISON CARL,
*Respondent-Appellant.*

Josephine County Circuit Court
24PO06414; A185217

Pat Wolke, Judge.

Submitted October 2, 2025.

William E. Carl filed the brief *pro se*.

No appearance for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Respondent appeals a Family Abuse Prevention Act (FAPA) order issued after a contested hearing. He raises four assignments of error on appeal.[1] First, respondent argues that the evidence was legally insufficient to continue the restraining order and to order $800 of emergency monetary assistance. Second, respondent challenges an evidentiary ruling during his cross-examination of petitioner. Third, respondent contends that the trial court impermissibly shifted the burden of proof to him. Fourth, respondent argues that the trial court applied the wrong legal standard. Petitioner has not appeared on appeal. We reject each of respondent's arguments based on lack of preservation, the merits, or both. Accordingly, we affirm.

*Sufficiency of the Evidence.* Respondent argues that the evidence presented at the contested hearing was legally insufficient to establish that he abused petitioner in the relevant 180-day period, that petitioner reasonably feared for her physical safety, or that respondent presented a credible threat to petitioner. *See* ORS 107.716(3) (stating requirements to continue, after a contested hearing, an *ex parte* FAPA restraining order issued pursuant to ORS 107.718(1)). He also argues that the evidence was legally insufficient to support the emergency monetary assistance.

As a preliminary matter, we reject respondent's request for "*de novo* review of the sufficiency of the evidence." The sufficiency of the evidence to meet a legal standard is a legal question that we review as a matter of law, so *de novo* review is inapposite. Further, to the extent that respondent is more broadly asking that we find all the facts anew, we decline to do so. It is true that the trial court did not make express findings, beyond the basic findings in the written order, which is one consideration for *de novo* review. ORAP 5.40(8)(d)(i). However, that alone does not make this the type of "exceptional case" that warrants *de novo* review. ORAP 5.40(8)(c) ("The Court of Appeals will exercise its discretion to try the cause anew on the record or to make one or

---

[1] We state the four assignments of error in the order that we address them, rather than the order they are presented in the opening brief.

more factual findings anew on the record only in exceptional cases.").

Turning to the legal insufficiency arguments, we reject them because they are unpreserved, respondent has not requested plain-error review, and the alleged error is not plain in any event. Although respondent opposed the restraining order and argued against it, he never made a legal motion or otherwise clearly challenged the legal sufficiency of the evidence. *See State v. Atwood*, 332 Or App 495, 497-98, 549 P3d 51 (2024) (explaining that, even when a matter is tried to the court, a party must preserve a challenge to the legal sufficiency of the other party's evidence either by making an appropriate motion or by clearly challenging the legal sufficiency of the evidence in closing argument).[2] Respondent tried to persuade the trial court as fact finder to discredit petitioner's evidence and rule in his favor, but that does not preserve for appeal a claim of legal insufficiency. *See State v. R. W. G.*, 288 Or App 238, 240, 404 P3d 1131 (2017) (noting the important distinction between arguments seeking to persuade the trial court sitting as fact finder and arguments challenging the legal sufficiency of the evidence).

When a claim of error is unpreserved, only discretionary plain-error review is available. *State v. Reynolds*, 250 Or App 516, 519-20, 280 P3d 1046, *rev den*, 352 Or 666 (2012). Respondent has not requested such review, and "we normally will not exercise [our discretion to engage in plain-error review] in the absence of an explicit request for plain-error review and concomitant plain-error arguments." *Atwood*, 332 Or App at 498 n 2. In any event, on this record, any error would not be "plain," because it cannot be said that it is obvious and beyond reasonable dispute that the evidence was legally insufficient to support the restraining order or the emergency monetary relief. *See Reynolds*, 250 Or App at 519-20 (stating requirements for an error to be deemed "plain"). We therefore reject respondent's challenge to the legal sufficiency of the evidence.

---

[2] Respondent states in passing in his "procedural facts" that he "was not afforded an opportunity" to present closing argument. Respondent did not object when the trial court proceeded directly from hearing testimony to making its ruling, nor has he assigned error to the lack of closing arguments or developed any plain-error argument on that point.

*Exclusion of Evidence.* Respondent argues that the trial court erred "when it denied any testimony about Petitioner criminally impersonating Respondent." During cross-examination of petitioner, respondent asked, "Have you ever impersonated me with my phone?" Petitioner objected on relevance grounds, and the trial court sustained the objection. Later, during respondent's own testimony, respondent offered several exhibits into evidence, including Exhibit 103, a Facebook post that sounded like an admission to hitting petitioner. When the trial court asked about that exhibit, respondent explained that petitioner wrote the Facebook post when she had his phone. The court asked why respondent wanted it to see the post if petitioner wrote it, and respondent explained that it was because "impersonating someone is a crime." Respondent argues on appeal that the trial court erred in sustaining the evidentiary objection to his cross-examination question and that doing so led "to a gross misinterpretation of the evidence." We disagree.

At the time of the evidentiary ruling, there was no apparent relevance to respondent's question. The only issue before the court was whether the requirements for continuing a FAPA order were met. The possibility that petitioner had impersonated respondent on his phone had no apparent relevance to that inquiry—which is true regardless of whether such impersonation could be criminally charged in some other proceeding. Respondent did not explain how the question was relevant, nor did he make an offer of proof as to what the answer would have been, which itself forecloses the possibility of reversible error on appeal. *See* OEC 103(1)(b) ("[e]vidential error is not presumed to be prejudicial," and, to challenge a ruling excluding evidence, it is necessary that "the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked"); *State v. Morgan*, 251 Or App 99, 104, 284 P3d 496 (2012) ("an offer of proof ordinarily is required to preserve error when a trial court excludes testimony"). Respondent's later offer of Exhibit 103 and testimony about that exhibit may shed some light on what "impersonation" respondent had been referring to earlier, but it did not require the trial court to revisit its earlier ruling (especially when respondent did not request that it do so

or ask to call petitioner back to the stand). The trial court did not err in sustaining the relevancy objection.

*Burden-shifting.* Respondent argues that the trial court "impermissibly shifted the burden of proof" to him, requiring him to prove that the requirements for a FAPA restraining order were *not* met, instead of requiring petitioner to prove that they were met. We are unpersuaded. It is certainly true that it was petitioner's burden to prove by a preponderance of the evidence the requirements for a FAPA restraining order. ORS 107.710(2). However, nothing in the record suggests to us that the trial court shifted the burden of proof to respondent. Respondent points to a statement by the court during respondent's cross-examination of petitioner: "Is there any reason for me to disbelieve what [petitioner] has already said, that she got black eyes and hurt?" We understand the court to have been trying to focus respondent on the key issue—the credibility of petitioner's abuse allegations—instead of peripheral or irrelevant matters. The court's statement does not suggest a shifting of the burden of proof.

*Legal Standard.* Lastly, respondent argues that the trial court applied the wrong legal standard, finding an "imminent danger of further abuse," which is the standard for an *ex parte* order under ORS 107.718(1), rather than finding that petitioner "reasonably fears for her physical safety," which is the continuation standard under ORS 107.716(3). We are unpersuaded, both because the claim of error is unpreserved, and because the record contains no such finding.

At the beginning of the contested hearing, the trial court did refer to the wrong standard, stating that the "relevant issues" before the court were whether the alleged abuse occurred, whether respondent presented a credible threat to petitioner's safety, and "whether there's an imminent danger of further abuse without the restraining order." The court also referenced "imminent danger" once while questioning petitioner. At neither point did respondent object or otherwise bring the misstatement to the court's attention and give it an opportunity to correct it. *See State v. Gray*, 286 Or App 799, 806, 401 P3d 1241 (2017), *rev den*, 362 Or

482 (2018) (one purpose of the preservation requirement is to allow the trial court to consider a contention and correct any error itself). The court had correctly described the legal standard for continuation to petitioner at the *ex parte* hearing the month before, so it was obviously familiar with it, and it presumably would have readily corrected itself had respondent raised the issue.

In any event, the trial court appears to have ultimately applied the correct legal standard, as its written order contains a finding that "Petitioner reasonably fears for their physical safety." The court did not orally make findings, other than a finding that the abuse occurred, so that written finding, which reflects the correct standard, is the only finding on the issue. Respondent's assertion that the trial court made the wrong finding is thus unsupported by the record. Moreover, even if the court applied the wrong standard, notwithstanding its finding otherwise, respondent has not explained how it could have prejudiced him when imminent danger is a *higher* standard than reasonable fear. *See K. E. B. v. Bradley*, 327 Or App 39, 44, 533 P3d 1128 (2023) (explaining that, in 2019, the "legislature relaxed the requirements for continuing a FAPA restraining order" by changing imminent danger to reasonable fear (internal quotation marks omitted)).

Affirmed.